**John Daryl GAUDIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–84–185–CR.**

Court of Appeals of Texas,
Waco.

Dec. 31, 1985.

J. Val Fulcher, Keils & Fulcher, Teague, for appellant.

Robert W. Gage, Co. Atty., Fairfield, for appellee.

HALL, Justice.

Appellant Gaudin was charged by complaint and information with the offense of driving while intoxicated. Pleading not guilty, he was found guilty by a jury. Pun-

ishment was assessed by the court at 30 days confinement in jail, probated for two years, and a fine of $500.

Evidence at trial established that the arresting officer observed appellant driving a pickup truck that was straddling the center stripe of a public roadway marked for "No Passing" in the City of Teague at approximately 3:53 a.m. on January 10, 1984. When appellant exited the truck he kicked a partially full bottle of Jack Daniels whiskey onto the street. The officer expressed the opinion that appellant was intoxicated, based upon his observation of appellant's walk and demeanor and the strong odor of alcoholic beverage on appellant's breath. Chemical analysis of a sample of appellant's blood taken about 40 minutes after his arrest revealed a blood-alcohol content of .10 percent.

The combination complaint and information alleged in pertinent part that appellant "did then and there while intoxicated, drive and operate a motor vehicle in a public place, to-wit: a public road and highway." This charge was lodged under the provisions of Vernon's Tex.Civ.Stat. art. 6701*l* –1(b) which provides: "A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." In paragraph (a)(2) of article 6701*l* –1 the term "intoxicated" is defined to mean: "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or (B) having an alcohol concentration of 0.10 percent or more."

█ The evidence supports the conviction, and appellant does not assert otherwise. Rather, for reversal of the judgment, appellant contends in two grounds of error that the trial court erred in overruling his motion to quash the complaint/information on the ground that it did not give appellant adequate notice of the particular offense for which he was charged because it did not specify what manner of intoxication defined in the statute the State was relying on to establish

the offense. We overrule these contentions and we affirm the judgment.

A charging instrument must give the accused precise notice of the "nature and cause of the accusation against him." Vernon's Tex.Const., art. 1, sec. 10. Generally, a motion to quash will be granted if the facts sought are essential to giving notice. For example, the State must specify in a delivery of heroin case whether delivery was by offer to sell or by actual transfer. *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr. App.1981). In a theft case, the State must set out the manner in which the defendant appropriated the property. *Gorman v. State*, 634 S.W.2d 681 (Tex.Cr.App.1982). In a kidnapping charge, the State must specify which of two statutorily defined ways the defendant was alleged to have abducted the complainant. *Gibbons v. State*, 652 S.W.2d 413 (Tex.Cr.App.1983). From these cases, it is clear that even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to *commit* that act or omission then, upon timely request, the State must allege the particular manner or means it seeks to establish. *Ferguson*, 622 S.W.2d at 851.

However, the State need not clarify a charging instrument when the term challenged does not go to an act or omission of the defendant but goes only to a statutorily defined term or element in the charging instrument that is essentially evidentiary. *Perryman v. State*, 687 S.W.2d 371, 372 (Tex.App. 14 Dist.1984, no pet.). Therefore, in alleging aggravated kidnapping the State is not required to specify which of seven different means to commit sexual abuse will be proved where that allegation is used to make the offense aggravated and is essentially evidentiary. *Phillips v. State*, 597 S.W.2d 929, 935 (Tex.Cr.App. 1980), as noted in *Ferguson* at 622 S.W.2d 851, f.n. 2. In alleging theft the State is not required to set out what theory it will use to show lack of effective consent of the owner or what theory of ownership will be used to show that the property was taken

from the owner. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Cr.App.1981).

We hold that specifying how the defendant became intoxicated does not concern the manner in which the offense of driving while intoxicated was committed. Rather, such specification would only inform the defendant about the type of evidence the State intended to present at trial. In other words, this case falls under the *Phillips* and *Thomas* cases, and not under the *Ferguson* and *Gibbons* cases.

Appellant's grounds of error are overruled. The judgment is affirmed.