**388**

Mark Stevens and Robert A. Valdez, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., Martin Barrera, Raymond J. Hardy, Jr., Edward F. Shaughnessy, III, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., and Carl E.F. Dally, Sp. Asst. State's Atty., Austin, for the State.

**Johnnie Vela SOLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 117–88.**

Court of Criminal Appeals of Texas, En Banc.

April 11, 1990.

into "official oppression" denounced by V.T.C.A.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

■ Appellant was convicted of driving while intoxicated and punishment was as-

Penal Code, § 39.02.

sessed by a jury at two years probation and a $300 fine. V.A.T.S. Art. 6701*l*–1(b). Holding that the trial judge erred in overruling appellant's motion to quash, the San Antonio Court of Appeals reversed appellant's conviction. *Solis v. State*, 742 S.W.2d 873 (Tex.App.—San Antonio 1987). We granted the State's petitions for discretionary review in order to determine whether a charging instrument alleging driving while intoxicated by means of introduction of alcohol into the body must state whether the proof of intoxication will be by means of "not having the normal use of mental or physical faculties" or by proving "alcohol concentration of 0.10 or more." See V.A.T.S. Art. 6701*l*–1(a)(2).[1] We hold that it does not, and we will reverse the judgment of the Court of Appeals.

The charging instrument alleged that appellant "did ... drive and operate a motor vehicle in a public place while ... intoxicated, to-wit: by reason of the introduction of alcohol into [his] body." Appellant filed a motion to quash the information because it failed to specify on which statutory definition of "intoxication,"[2] the State would rely. Overruling *Brown v. State*, 717 S.W.2d 763 (Tex.App.—San Antonio 1986, no pet.), the Court of Appeals held that the State was required to specify whether it intended to rely on loss of faculties[3] or alcohol concentration.[4] Justice Dial filed a dissenting opinion in which he stated that he would rely on *Brown* in order to find that appellant's motion to quash requested essentially evidentiary materials that did not go to an act or omission by appellant.

Thus, appellant was not deprived of notice of the charges against him.

The State makes two different arguments. In the first, it takes the position taken by the Waco Court of Appeals in *Gaudin v. State*, 703 S.W.2d 789 (Tex.App. —Waco 1985, pet. refused). In *Gaudin*, appellant was charged with driving while intoxicated. The charging instrument, in relevant part, alleged that appellant "did then and there while intoxicated, drive and operate a motor vehicle in a public place, to-wit: a public road and highway." The Waco Court of Appeals held that the State need not plead which intoxicant, under V.A.T.S. Art. 67011–1(a)(2), the defendant had consumed because such pleading would be merely evidentiary.[5] Second, the State argues that whether it will prove intoxication based on loss of faculties or based on alcohol content is an evidentiary matter, and thus no basis for a motion to quash. In the alternative, the State argues that if it was error to deny appellant's motion to quash, the Court of Appeals should have conducted an inquiry under *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App.1986), in order to determine whether the denial of the motion to quash adversely affected appellant's preparation of his defense.[6]

Appellant responds that the Court of Appeals was correct. He argues that prior case law requires the pleading of statutory definitions, in response to a timely motion to quash, if: (1) the statutes provide for more than one way to commit the offense, and (2) the statutory provision goes to an act or an omission by appellant.

---

1. Both the Bexar County District Attorney and the State Prosecutor's office filed petitions for discretionary review in this case. All petitions and grounds for error raise this same issue. For the sake of brevity and precision, we will deal with both petitions as if one.

2. The relevant statutory definitions of intoxication provide:
   (2) "Intoxicated" means:
   (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of these substances into the body; or
   (B) having an alcohol concentration of 0.10 or more.

3. V.A.T.S. Art. 67011–1(a)(2)(A).

4. V.A.T.S. Art. 67011–1(a)(2)(B).

5. This position was rejected by this Court in *Garcia v. State*, 747 S.W.2d 379 (Tex.Cr.App. 1988).

6. Although appellant concedes that the Court of Appeals erred by failing to conduct an *Adams* analysis, we will not reach this issue. Because we ultimately find that no error occurred in denying appellant's motion to quash, there is no need to determine whether appellant was affected by the denial of his motion.

We agree with appellant's statement of the rule concerning when a timely motion to quash will succeed.

The legislature has established offenses and the elements constituting those offenses. The terms and elements are further defined within the Penal Code. Under these cases,[7] the definitions of the terms and elements are *essentially evidentiary* and need not be alleged in the indictment. This is, in effect, the general rule that, subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient.

*Thomas v. State,* 621 S.W.2d 158, 161 (Tex. Cr.App.1980) (opinion on rehearing).

One exception to the general rule occurs when the statutes define a term in such a way as to create several means of committing an offense, and the definition specifically concerns an act or omission on the part of the defendant. For example, in *Garcia,* 747 S.W.2d 379, this Court held that when a defendant is charged with driving while intoxicated, he is entitled, upon timely request, to have the State specify upon which means of intoxication, under V.A.T.S. Art. 6701*l*-1(a)(2)(A), it will rely. *Id.* at 381. See also *Geter v. State,* 779 S.W.2d 403, 407 (Tex.Cr.App.1989) (effective consent in theft prosecution); *Gibbons v. State,* 652 S.W.2d 413, 415 (Tex.Cr. App.1983) (type of abduction in kidnapping prosecution); *Gorman v. State,* 634 S.W.2d 681, 682–83 (Tex.Cr.App.1982) (type of appropriation in theft prosecution); *Ferguson v. State,* 622 S.W.2d 846, 850 (Tex.Cr.App. 1980) (must specify whether delivery of a controlled substance was by actual delivery, constructive delivery, or an offer to sell). Thus, if the applicability of one or more statutory alternatives hinges upon which of a group of acts a defendant committed, the alternative must be plead. If, however, the application of various alternatives are equally applicable to conduct that the defendant is alleged to have committed, the alternatives need not be plead.

The offense of driving while intoxicated is set out in V.A.T.S. Art. 6701*l*-1:

(b) A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place. The fact that any person charged with a violation of this section is or has been entitled to use a controlled substance or drug under the laws of this state is not a defense.

"Intoxicated" is defined, for purposes of this offense, at V.A.T.S. Art. 6701*l*-1(a)(2):

(2) "Intoxicated" means:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

Thus, the elements of the offense are that: (1) a person (2) drives or operates (3) a motor vehicle (4) in a public place (5) while intoxicated.[8] In addition, there are four manners in which a defendant's conduct may lead to intoxication: (1) ingestion of

---

7. *Phillips v. State,* 597 S.W.2d 929 (Tex.Cr.App. 1980); *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974); *Smith v. State,* 502 S.W.2d 133 (Tex.Cr.App.1973); *Cameron v. State,* 401 S.W.2d 809 (Tex.Cr.App. 1966).

8. In *Forte v. State,* 707 S.W.2d 89 (Tex.Cr.App. 1986), we stated:

By redefining the offense of driving while intoxicated, so that "intoxication" now can consist of an alcohol concentration of 0.10% or more, the legislature decided to avoid its previous use of a presumption and, instead, made an alcohol concentration of 0.10% or more an *element* of the offense.

*Forte,* 707 S.W.2d at 94. This statement was in response to an argument that V.A.T.S. Art. 67011-1(a)(2)(B) was unconstitutional as an impermissible, mandatory presumption.

This passage from *Forte* should not be read to mean that proof of an alcohol content of 0.10 or more is necessary for a conviction of driving while intoxicated. Neither does this statement mean that an alcohol content in excess of 0.10 is an element of the offense for the purposes of V.A.C.C.P., Art. 27.08(1). By characterizing alcohol content as an element, we merely intended to say that a defendant with an alcohol content of 0.10 or more is intoxicated *as a matter of law.* Whether such a defendant suffered *any* degree of impairment to his mental or physical faculties is simply irrelevant.

alcohol, (2) ingestion of a controlled substance, (3) ingestion of a drug, (4) ingestion of some combination of alcohol, controlled substances, and/or drugs. If the manner or means of intoxication is by controlled substance, drug, or a combination of substances, the State may prove intoxication in only one way—that the defendant did not have "the normal use of mental or physical faculties." However, if the alleged manner or means of intoxication is by alcohol, the State has an option of how it will prove intoxication. In other words, there are four types of conduct that can lead to intoxication. If the State elects to prove that intoxication was due to introduction of alcohol into the body, it may prove intoxication in one of two ways, loss of faculties and alcohol content of 0.10 or more. Herein lies the confusion surrounding charging instruments in driving while intoxicated cases.

■ As explained above, a charging instrument must allege which statutory definition upon which it will rely, only when the alternative definitions create different ways in which a *defendant's conduct* could constitute an element of an offense. *Geter*, 779 S.W.2d at 407; *Gibbons*, 652 S.W.2d at 415; *Gorman*, 634 S.W.2d at 682–83; *Ferguson*, 622 S.W.2d at 850. Conversely, if the alternative statutory provisions do not address a *defendant's conduct*—instead, addressing different avenues of proof—the State need not specifically plead one of the alternative provisions in the charging instrument. *Thomas*, 621 S.W.2d at 161.

In the instant case, the charging instrument alleged which of the alternate means of becoming intoxicated appellant committed, introduction of alcohol into his body. Such an allegation is required in the face of a timely motion to quash. *Garcia*, 747 S.W.2d 379. The charging instrument did not, however, allege which means of proving intoxication, by means of alcohol, was to be proved. As *Thomas* informs us:

> The general rule is that a motion to quash will be allowed if the *facts* sought are *essential* to giving notice. However, unless a fact is essential, the indictment need not plead evidence relied on by the

State. Moreover, when a term is defined in the statutes, it need not be further alleged in the indictment.

*Thomas*, 621 S.W.2d at 161; see also *Queen v. State*, 662 S.W.2d 338 (Tex.Cr. App.1983). Because the methods of proving intoxication by alcohol are set out statutorily and do not depend on any conduct committed by a defendant, other than introduction of alcohol into the body—which was already alleged, the State need not specify in the charging instrument whether it will use loss of faculties or alcohol content to prove the offense. This charging instrument gave appellant full notice of all acts he was accused of committing. We hold that a charging instrument that alleges driving while intoxicated, when intoxication is by means of introduction of alcohol into the body, need not further allege whether proof will be by loss of faculties or by alcohol content.

The judgment of the trial court is affirmed, and the judgment of the Court of Appeals is reversed.

CLINTON, J., concurs.

TREAGUE J., dissents.