Donald Joseph BURKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–01043–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 30, 1991.

Discretionary Review Refused
Sept. 11, 1991.

S.C. Childress, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist.
Atty., Calvin Hartman, Asst. Harris County Dist. Atty., for appellee.

Before DUNN, SAM BASS and PRICE [1],
JJ.

## OPINION

DUNN, Justice.

This is an appeal from a denial of pretrial habeas corpus relief. Appellant's application alleged that he was illegally detained because his prosecution for the offenses for which he was charged was barred by the double jeopardy clause of the U.S. Constitution. We affirm.

On June 24, 1990, Officer C.A. Byrd of the Houston Police Department observed appellant's car run a stop sign in the 2700 block of Whitney, in Houston. Officer Byrd signalled appellant to pull over, and as she approached his car, she noticed that the paper license plate, displayed in the back window, was expired. Officer Byrd, while ticketing appellant for running the stop sign and for operating a motor vehicle with an expired paper license plate, noticed that appellant's eyes were glazed, that his breath smelled of alcohol, and that he "sway[ed] a little." Appellant admitted he had two drinks. After appellant performed field sobriety tests poorly, Officer Byrd arrested him for driving while intoxicated.

---

1. The Hon. Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

The citations for running a stop sign and operating a vehicle with an expired license plate were filed in Houston municipal court. The driving while intoxicated charge was filed in County Criminal Court at Law Number 5. Appellant pled guilty to the two charges in Houston municipal court on July 30, 1990. Although the record does not contain the municipal court proceedings, both parties agree that appellant paid a fine of $105 for running the stop sign and a fine of $52.50 for operating a vehicle with an expired license plate. The driving while intoxicated charge remained pending in the county criminal court.

Appellant applied for writ of habeas corpus in the county court arguing that prosecution for DWI would "require relitigation of the factual issues already resolved by the Municipal Court conviction, and will also require proof of conduct that constitutes the offenses for which the Defendant was previously convicted." On November 9, 1990, the trial court considered appellant's application, heard testimony from Officer Byrd and appellant, and denied relief.

In one point of error, appellant complains that the trial court committed reversible error in denying his application for writ of habeas corpus. Appellant maintains that *Grady v. Corbin*, — U.S. —, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), applies the fifth amendment of the federal constitution to "bar a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct for which the defendant has already been prosecuted." 110 S.Ct. at 2087; U.S. CONST. AMEND. V. We disagree.

In *Grady*, Mr. Corbin was involved in a traffic accident in which the passenger of the other car was seriously injured and the other driver died. Corbin received traffic tickets for: (1) the misdemeanor of driving while intoxicated, and (2) failing to keep to the right of the median. Corbin pled guilty to the two tickets in the town justice court and received a $350 fine, a $10 surcharge, and a six-month license revocation. The presiding judge was not informed of the fatality or of a pending homicide investigation. The assistant district attorney was similarly unaware of the other proceedings. Subsequently, a grand jury indicted Corbin for reckless manslaughter, criminally negligent homicide, and third-degree reckless assault. The state of New York identified three reckless or negligent acts on which it would rely to prove the homicide and assault charges:

(1) operating a motor vehicle on a public highway in an intoxicated condition;

(2) failing to keep to the right of the median; and

(3) driving approximately 45 to 50 miles-per-hour in heavy rain at a speed which was excessive for the road conditions and weather.

Corbin moved to dismiss the indictment on federal constitutional double jeopardy grounds. The trial court denied the motion, the appellate division affirmed the judgment, but the New York Court of Appeals reversed on grounds that prosecution of the pending indictment following the traffic tickets violated the double jeopardy clause of the federal constitution.

■ Writing for a divided Supreme Court, Justice Brennan noted that in determining whether successive prosecutions are barred by double jeopardy, a reviewing court must first apply the test announced in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* case requires a determination of whether each offense requires proof of an additional fact that the other does not. 284 U.S. at 304, 52 S.Ct. at 182. "If the application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred." *Grady*, 110 S.Ct. at 2090. However, if the subsequent prosecution survives the *Blockburger* test, the reviewing court must then determine whether the government will prove conduct that constitutes an offense for which the accused has already been prosecuted in order to establish an essential element of the offense charged. *See Grady*, 110 S.Ct. at 2092 (citing *Brown v. Ohio*, 432 U.S. 161, 166–67, 97 S.Ct. 2221,

2225–26, 53 L.Ed.2d 187 (1977)). As the Court held:

> the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an "actual evidence" or "same evidence" test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.

110 S.Ct. at 2093; *Illinois v. Vitale,* 447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980); *Brown,* 432 U.S. at 166–67, 97 S.Ct. at 2225–26; *Mills v. State,* 802 S.W.2d 400, 406 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd) (applying *Blockburger* and *Vitale,* and holding that a defendant's conviction for violating a municipal ordinance against 'running a kennel without a license' did not bar a subsequent prosecution for 'cruelty to animals' under TEX.PENAL CODE ANN. § 42.11).

■ Applying *Blockburger* and its progeny, we ask whether each of the three offenses with which appellant was charged requires proof of an additional fact which the others do not. 110 S.Ct. at 2093. To do so, we examine the elements of the three charged offenses.

The elements of driving while intoxicated are: (1) a person (2) drives or operates (3) a motor vehicle (4) in a public place (5) while intoxicated, has committed an offense. *Solis v. State,* 787 S.W.2d 388, 390 (Tex. Crim.App.1990); TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1991).

The elements of operating a motor vehicle with an "old license plate" are: (1) After the fifth day after the date a registration for a motor vehicle, (2) any person (3) operating the motor vehicle (4) upon the highways of this State, (5) with a license plate or plates for any preceding period, (6) which have not been validated by the attachment of a symbol, tab, or other device for the current registration period. TEX. REV.CIV.STAT.ANN. art. 6675a–3e, § 7(a) (Vernon Supp.1991).

The elements of running a stop sign are: (1) a driver (2) of a vehicle (3) approaching a stop intersection (4) indicated by a stop sign (5) shall stop before entering the crosswalk (6) on the near side of the intersection. TEX.REV.CIV.STAT.ANN. art. 6701d, § 91A(b) (Vernon 1977).

Applying *Blockburger* to the three offenses here, it is clear that each offense requires proof of an element the others do not. Therefore, we go to the next step and determine whether: (1) appellant's driving with an expired license plate, and (2) appellant's failure to stop for a stop sign are essential elements of the offense of driving while intoxicated. *Grady,* 110 S.Ct. at 2087. We conclude they are not.

### The license plate offense

The *essential* conduct regulated is the display of properly validated license plates and validation tags on vehicles. The State can prove that appellant drove while intoxicated without proving his car's registration date; its license plate status; or whether a symbol, tab, or other device was attached to the license. Although the elements of 'person,' 'operating a vehicle,' 'on the roads of the State,' overlap, they are not the *essence* of the license plate offense.

### The stop sign offense

The conduct regulated is a vehicle's operation (namely, stopping) at a stop intersection. The State can prove that appellant drove while intoxicated *without* showing that he 'approached a stop intersection,' that was 'indicated by a stop sign,' and that he did not 'stop before entering the crosswalk.' Although the elements of 'driver' and 'vehicle' overlap, the driver's failure to stop at a marked intersection is the essence of a stop sign offense. If the State at trial were to use the substance of the stop sign offense—i.e., the fact that appellant ran the stop sign—to show that appellant was intoxicated while driving, then double jeopardy protections, as applied by *Grady,* would prevent this prosecution. In such an instance, the State would use the fact that appellant ran the stop sign (the essence of the stop sign offense) to prove that appellant was intoxicated (the essence of the DWI offense). This was the deciding factor in *Grady;* the State of New York

needed to "re-use" the essential elements of the earlier offenses to prosecute Corbin for a subsequent one.

In *Leman v. State*, 807 S.W.2d 408 (Tex. App.—Houston [14th Dist.] 1991, pet. filed) (not yet reported), the court held that "because the State intends to prove the DWI ... offense without relying on the conduct involving the seat belt or speeding offense, double jeopardy is not raised." *Leman* holds that municipal court convictions for (1) failure to control speed, and (2) failure to wear a seat belt, do not bar a subsequent prosecution for driving while intoxicated or unlawfully carrying a weapon under the double jeopardy clauses of the federal or state constitutions. We assume in the present case that the State will seek to prove the DWI at trial without relying on the conduct of running a stop sign or displaying an expired plate. If the State omits evidence that appellant ran the stop sign then, as in *Leman*, double jeopardy is not raised.

In *Parrish v. State*, 807 S.W.2d 411 (Tex. App.—Houston [14th Dist.] 1991, pet. filed) (not yet reported), the court held that a municipal court conviction for "failure to control speed" to avoid a collision did not bar a subsequent prosecution for DWI.

Under the federal constitution, appellant may be prosecuted for driving while intoxicated notwithstanding the fact that he has been prosecuted for running a stop sign and driving a vehicle with an expired license plate. Whether the proof admitted at appellant's trial violates the double jeopardy clause is an issue that can only be decided on direct appeal, if any, of that trial. We hold only that this record does not entitle appellant to pretrial relief barring this prosecution from proceeding to trial because it is possible for the State to prosecute appellant for DWI without proving conduct that constitutes an offense for which he has already been convicted.

Appellant's sole point of error is overruled. The denial of relief by pretrial writ of habeas corpus is affirmed.