HOLLAND 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00046-CR







Henry Holland, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY


NO. 39,823, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING








 Appellant Henry Holland was convicted of the misdemeanor offense of driving
while intoxicated. See Tex. Penal Code Ann. § 49.04 (West 1994). (1) The trial court sentenced
appellant to a year in jail probated for two years and assessed a $750 fine. In three points of
error, appellant challenges the sufficiency of the evidence supporting the conviction. We will
affirm the judgment of the trial court.



BACKGROUND


 On February 22, 1992, Bill Hodge observed a blue van with Florida license plates
driving southbound on Interstate 35 in San Marcos. As he drove behind the van for ten to fifteen
minutes, Hodge noticed the van driving erratically, making multiple lane changes and tailgating
another car. The van, the car being tailgated, and Hodge all took the same exit off the interstate. 
Although he never saw the van's driver, Hodge called the San Marcos Police Department with
a description of the van. The San Marcos Police Department then issued a "be on the lookout"
for the van around 10:30 p.m.

 Within minutes, San Marcos Police Officer Loy Locke noticed a van and a car
parked on the access road of the interstate. Two men were outside the vehicles apparently
surveying the damage from a minor wreck in which they had been involved. Officer Locke noted
that the van matched the description of the van given by the dispatcher and stopped to speak to
the men, whom he identified as appellant and Ronnie Starling. According to Locke, there were
no other people at the scene. Appellant admitted to being the driver of the van and Starling
concurred.

 Officers Kathy Anderson and Terry Nichols arrived shortly thereafter. While
Nichols administered field sobriety tests and Anderson inventoried the vehicle, Hodge happened
by the accident site and spoke with Officer Locke. According to Hodge, the van was the same
one he called to complain about.

 Nichols testified that appellant failed the standard field sobriety tests and all three
officers confirmed that appellant had lost the use of his mental or physical faculties and that he
was intoxicated. Anderson also testified that she found a four liter square carton of wine,
equipped with a spigot, in the back seat of the van. The carton was positioned in a way that
would permit someone in the driver's seat to fill a glass using the spigot. The carton was
approximately two-thirds empty. Anderson also found a fruit-jar type of container with alcohol
in the front area of the van. Based on the results of the field sobriety tests, appellant's physical
demeanor, the earlier complaint made of a vehicle matching the description of appellant's vehicle,
and appellant's admission that he was the driver of the van, Officer Nichols arrested appellant for
driving while intoxicated.


 

DISCUSSION


 Appellant's points of error overlap substantially and we will address them
together. Appellant challenges the sufficiency of the evidence and contends that the trial court
erred when it denied appellant's motion for an instructed verdict. (2) The critical inquiry on review
of the legal sufficiency of the evidence to support a criminal conviction is whether the record
evidence could reasonably support a finding of guilt beyond a reasonable doubt. This Court does
not ask whether it believes that the evidence at trial established guilt beyond a reasonable doubt. 
Instead, the relevant question is whether, after viewing the evidence in the light most favorable
to the prosecution, any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State,
614 S.W.2d 155, 159 (Tex. Crim. App. 1981).

 Appellant first contends that there is no evidence in the record stating that he ever
drove or operated the vehicle in this case. Officer Locke testified that appellant admitted he was
driving the van. The State may not rely solely on the extrajudicial admission by the appellant to
establish an element of the crime. See Folk v. State, 797 S.W.2d 141, 144 (Tex. App.--Austin
1990, pet. ref'd). Absent any other direct or circumstantial evidence that appellant was the driver,
the evidence would be insufficient to support the conviction. Id.

 Officer Locke also testified that Starling made statements placing appellant behind
the wheel of the van. This hearsay testimony was not objected to and was therefore properly
before the jury for consideration. See Tex. R. Crim. Evid. 802; Fernandez v. State, 805 S.W.2d
451, 455-56 (Tex. Crim. App. 1991). Because a jury is permitted to consider such hearsay as
evidence, this same evidence is considered in a sufficiency analysis. Brown v. State, 871 S.W.2d
852, 855 (Tex. App.--Corpus Christi 1994, pet. ref'd). This evidence, combined with the absence
of other potential drivers at the scene and considered in light of the short amount of time that
passed from when Hodge witnessed the erratic movements of the van to when Officer Locke
arrived at the accident, adequately corroborates appellant's admission.

 Appellant next contends that the State must prove if and when appellant became
intoxicated. It was only necessary, however, for the State to prove that appellant was intoxicated
at the time he operated his van in a public place. Ford, 571 S.W.2d at 925. 

 Appellant and Starling were involved in a minor accident resulting in only slight
damage to the cars. Officer Locke arrived shortly thereafter, and the two men were outside of
their respective vehicles inspecting the damage. Locke and the other seasoned officers determined
that appellant was intoxicated because he did not have control of his mental and physical faculties
and failed the field sobriety tests. Since appellant was intoxicated when the officers arrived
shortly after the accident, it is not an extensive leap for a rational trier of fact to find that appellant
was intoxicated minutes before when he was operating the van.

 Finally, appellant contends that "[a]lthough the record is replete with references
to `the Highway, the Interstate, I-35, IH-35, the access road,' etc, no one ever testified that
appellant drove or operated a motor vehicle in a public place or on a public road, an essential
element of the crime."

 On direct examination of Officer Nichols, however, the following discourse took
place:



Q: Okay. On this particular occasion the place where this accident occurred,was
that a public place?


A: Yes, sir, it was.



Appellant's argument is thus without merit. We conclude that a rational trier of fact could find,
beyond a reasonable doubt, that appellant was driving his van, that he was intoxicated while doing
so, and that he was driving in a public place. Accordingly, appellant's challenge to the sufficiency
of the evidence is overruled.

 Given our discussion above, we also overrule appellant's point of error asserting
the trial court erred in denying his motion for an instructed verdict. A challenge to the trial
court's ruling on a motion for an instructed verdict is actually a challenge to the sufficiency of the
evidence to support the conviction. Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App.
1990). Because we have already reviewed the evidence and we believe it to be sufficient to
sustain the conviction, we conclude that the trial court did not err in overruling appellant's
motion.



 CONCLUSION


 Accordingly, we affirm the judgment of the trial court.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: March 6, 1996

Do Not Publish


1.   The offense occurred before September 1, 1994, and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.01, 1993
Tex. Gen. Laws 3586, 3697. Because the Code amendments effective September 1, 1994,
have no substantive effect on the offenses at issue, the current Code is cited for convenience.
2.   To sustain a conviction for driving while intoxicated, the evidence must show that the
appellant drove the vehicle while intoxicated in a public place. Solis v. State, 787 S.W.2d 388,
390 (Tex. Crim. App. 1990).


is. Brown v. State, 871 S.W.2d
852, 855 (Tex. App.--Corpus Christi 1994, pet. ref'd). This evidence, combined with the absence
of other potential drivers at the scene and considered in light of the short amount of time that
passed from when Hodge witnessed the erratic movements of the van to when Officer Locke
arrived at the accident, adequately corroborates appellant's admission.

 Appellant next contends that the State must prove if and when appellant became
intoxicated. It was only necessary, however, for the State to prove that appellant was intoxicated
at the time he operated his van in a public place. Ford, 571 S.W.2d at 925. 

 Appellant and Starling were involved in a minor accident resulting in only slight
damage to the cars. Officer Locke arrived shortly thereafter, and the two men were outside of
their respective vehicles inspecting the damage. Locke and the other seasoned officers determined
that appellant was intoxicated because he did not have control of his mental and physical faculties
and failed the field sobriety tests. Since appellant was intoxicated when the officers arrived
shortly after the accident, it is not an extensive leap for a rational trier of fact to find that appellant
was intoxicated minutes before when he was operating the van.

 Finally, appellant contends that "[a]lthough the record is replete with references
to `the Highway, the Interstate, I-35, IH-35, the access road,' etc, no one ever testified that
appellant drove or operated a motor vehicle in a public place or on a public road, an essential
element of the crime."

 On direct examination of Officer Nichols, however, the following discourse took
place:



Q: Okay. On this particular occasion the place where this accident occurred,was
that a public place?


A: Yes, sir, it was.



Appellant's argument is thus without merit. We conclude that a rational trier of fact could find,
beyond a reasonable doubt, that appellant was driving his van, that he was intoxicated while doing
so, and that he was driving in a public place. Accordingly, appellant's challenge to the sufficiency
of the evidence is overruled.