James L. SULLIVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 327-91.

Court of Criminal Appeals of Texas, En Banc.

Oct. 23, 1991.

Logene J. Foster, Sugar Land, for appellant.

Sam W. Dick, Dist. Atty., and Kathy Milan and Cathleen C. Herasimchuk, Asst. Dist. Attys., Richmond, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of driving while intoxicated, and the trial court assessed punishment at one hundred eighty days in jail and a fine of $1,000, all of which was probated. The Court of Appeals affirmed the conviction. *Sullivan v. State*, 807 S.W.2d 342 (Tex.App.—Houston [14th] 1991). In grounds for review numbers three, four, and five appellant contends the Court of Appeals erred in upholding the trial court's refusal to quash the information alleging this offense.

The Court of Appeals, in a split opinion, overruled appellant's points of error three through five concerning the failure to quash the information. Appellant argued that the failure to allege either the type of intoxicant or the method of intoxication denied him adequate notice.

Subsequent to delivery of the Court of Appeals' opinion in this cause we determined that a motion to quash must be granted if a charging instrument for driving while intoxicated fails to allege the method of intoxication.[1] *State v. Carter*, 810 S.W.2d 197 (Tex.Cr.App.1991). Additionally, in *Carter* we reaffirmed our holding in *Garcia v. State*, 747 S.W.2d 379 (Tex.Cr.App.1988), that the type of intoxicant[2] must be alleged if requested in a motion to quash. Although the Court of Appeals' majority concluded that any possible error under *Garcia* was harmless beyond a reasonable doubt, that analysis did not incorporate potential harm from failure to allege the method of intoxication.

Accordingly, grounds number three through five of appellant's petition are summarily granted. The judgment of the Court of Appeals is vacated and the case is remanded to the Court of Appeals for reconsideration of appellant's points of error number three through five. Other grounds raised by appellant's petition for discretionary review are dismissed without prejudice to refile after the Court of Appeals' disposition of the remanded ground.

---

**1.** Either "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body," Article 6701*l*–1(a)(2)(A), V.A.C.S., or "having an alcohol concentration of 0.10 or more." Art. 6701*l*–1(a)(2)(B), V.A.C.S.

**2.** Alcohol, controlled substance, a drug, or a combination of two or more of those substances. Art. 6701*l*–1(a)(2)(A), V.A.C.S.