Ronnie Dean THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–90–00113–CR.

Court of Appeals of Texas,
Tyler.

July 31, 1992.

Douglas E. Lowe, Palestine, for appellant.

Jeffrey Herrington, Dist. Atty., Palestine, for appellee.

COLLEY, Justice.

A jury convicted Appellant Ronnie Dean Thompson of involuntary manslaughter

and assessed his punishment at eight years confinement.

Appellant alleges four points of error complaining of the indictment and the court's charge at the guilt/innocence phase. We will affirm the conviction.

The indictment returned against Appellant recited that Appellant,

[O]n or about the 21st day of March, 1988, A.D. . . . did then and there by accident and mistake when operating a motor vehicle while intoxicated, and by reason of such intoxication, cause the death of an individual [P.B.], by then and there driving said motor vehicle into and causing it to collide with a motor vehicle occupied by the said [P.B.]. . . .

The court's charge at the guilt/innocence phase reads in pertinent part as follows:

### 1.

Our statutes provide that a person commits the offense of involuntary manslaughter if he, by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual.

. . . . .

### 2.

'Individual' means a human being who has been born and is alive.

The word 'intoxication,' as used in these instructions and as applicable to this offense, means not having the normal use of one's mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body.

The term 'intoxicated' also means having an alcohol concentration of 0.10 or more. The phrase 'alcohol concentration,' as used in this charge, means the number of grams of alcohol per 210 liters of breath.

Appellant by his points of errors numbers one and two, contends that the trial court erred in overruling his motion to quash the indictment on the grounds that it did not contain allegations of the particular manner or means of intoxication upon which the State intended to rely and prove at trial. As we understand the points, Appellant claims that the indictment should have contained allegations that the term intoxication means that he did not have the normal use of his mental or physical faculties *by reason of the introduction of alcohol, or a specific controlled substance, or a specific drug, or a specific combination of two or more of these substances into his body,* or that his blood, breath, or urine had "an alcohol concentration of 0.10 or more." [1]

The Appellant points out that subsection (b) of former TEXAS PENAL CODE ANN. section 19.05 [2] defined "intoxication" to mean "that the actor does not have the normal use of his mental or physical faculties by reason of the voluntary introduction of *any substance into his body.*" (Emphasis added.) Appellant also notes that section 19.05 was amended in 1987 [3] to adopt by reference the definitions of "intoxicated" and "intoxication" found in article 6701*l*–1(a)(2)(A) and (B).

■ Appellant argues that because of these amendments, an indictment under current section 19.05, when challenged for want of notice by a motion to quash, as here, must be dismissed for lack of notice as is the law in respect to DWI prosecutions, citing *State v. Carter,* 810 S.W.2d 197 (Tex.Cr.App.1991). This argument is quite persuasive in view of the *Carter* court's rationale. 810 S.W.2d at 199–200. However, since the objections to the indictment set forth in the motion to quash were not timely filed as required by TEX.CODE CRIM.PROC.ANN. art. 1.14(b), the objections constituting the substance of the motion to quash were waived. Therefore, the points of error are overruled.

---

1. Calculated under the definition of "alcohol concentration" found in TEX.REV.CIV.STAT.ANN. art. 6701*l*1(a)(1)(A), (B) and (C) (Vernon Supp.1992) (hereinafter "Article 6701*l*–1").

2. Act of May 28, 1973, ch. 426, art. 2, § 1, 1973, Tex.Gen.Laws 1124.

3. This version of section 19.05 is applicable to the instant offense.

Under his points of errors numbers three and four, the Appellant alleges that the court erred in overruling his objections to the court's guilt/innocent charge that the charge "expanded the definition of intoxication to include the alternative manner and means of intoxication"; and "the charge varied from the indictment" by including "the definition of intoxication." Appellant argues under these points that the charge authorizes the jury to convict him "[for] conduct not alleged in the indictment."

The court's charge, as already seen, tracked section 19.05 and correctly submitted the case to the jury. TEX.PENAL CODE ANN. § 19.05(a)(2) (Vernon 1989). *See Sharpe v. State*, 648 S.W.2d 705 (Tex.Cr. App.1983). The objections to the charge are premised on its alleged variance from the indictment. Essentially, Appellant argues that the charge authorized the jury to convict him on theories not alleged in the charging instrument. We must disagree. The very core of the indictment is that the Appellant operated a motor vehicle "while intoxicated, and by reason of such intoxication, [caused] the death of [the victim] by ... driving [his vehicle] into and causing it to collide with a motor vehicle occupied by [the victim]...." That fact that the charge defined "intoxicated" and "intoxication" does not create a variance, nor does it authorize the jury to convict Appellant on a theory not alleged in the indictment. Appellant's points of errors three and four are overruled.

The judgment is affirmed.