**James SULLIVAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. B14–90–00029–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 28, 1992.

Discretionary Review Refused
Sept. 30, 1992.

Logene L. Foster, Sugar Land, for appellant.

Fred M. Felcman, Richmond, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

**534**

## OPINION ON REMAND

ROBERTSON, Judge.

The conviction is for driving while intoxicated. On original submission we affirmed the conviction. *Sullivan v. State*, 807 S.W.2d 342 (Tex.App.—Houston [14th Dist.] 1991). Construing our opinion to have not "incorporat[ed] potential harm from failure [of the information] to allege the method of intoxication," the court of criminal appeals vacated our judgment and remanded the case "for re-consideration of appellant's points of error number three through five." *Sullivan v. State*, 817 S.W.2d 344 (October 23, 1991). We again affirm the conviction.

In his third, fourth and fifth points of error appellant contended that the trial court erred in refusing to grant his motion to quash the information because (1) the information did not allege on which of the two statutory definitions of intoxication it would rely—the 0.10 alcohol concentration or the loss of the normal use of mental and physical faculties; and (2) the information did not allege that the loss of his mental and physical faculties was "by reason of alcohol, drugs, or a combination" thereof.

■ The court of criminal appeals has held that an information charging the offense of driving while intoxicated is defective in failing to give the requisite "notice" if it fails to allege (1) the type of intoxicant, *Garcia v. State*, 747 S.W.2d 379 (Tex.Crim. App.1988) or (2) the method of intoxication, *Carter v. State*, 810 S.W.2d 197 (Tex.Crim. App.1991). Thus, under these holdings, it was error for the trial court to deny the motion to quash the information for failure to give the requisite "notice" which appellant demanded. However, this error does not automatically call for reversal. It must be determined, in the context of the case, whether this had an impact on the defendant's ability to prepare a defense. *Adams v. State*, 707 S.W.2d 900, 902 (Tex.Crim. App.1986). As acknowledged by the court of criminal appeals, in our original opinion we determined that "any possible error under *Garcia* (the type of intoxicant) was harmless beyond a reasonable doubt." We now determine that any possible error under *Carter* (method of intoxication) was harmless beyond a reasonable doubt.

The "context of the case" (by which we must determine whether the failure of the information to allege the method of intoxication had an impact on appellant's ability to prepare a defense) was set out in our original opinion, but is again reiterated here.

There was a hearing on appellant's motion to quash the information almost six months prior to trial. Appellant's counsel informed the trial judge that there was no test and stated, "If they intend to show intoxication by any other means than alcohol, I think they should allege it and let me know in the information." The prosecutor stated to the judge that appellant had access to the state's file, had reviewed it and that "we don't have any other information other than alcohol that caused this defendant to become intoxicated (sic) to drive." Appellant's counsel then stated "based upon that assertion to you, Judge, I ask that you quash the information and make them allege only alcohol so we would be prepared to try only on alcohol." The prosecutor responded that "I don't know what the evidence will show at this time. I anticipate that it will be only alcohol, but other evidence may crop up at that time." Appellant's counsel then responded, "That's what bothers me. It might crop up in the middle of the trial and the pleading is to give me notice so I can bring a chemist for alcohol, drugs, or whatever. Obviously, it's in his file. He knows what it is...."

After the jury had been selected, and in response to appellant's request, a hearing was held in the absence of the jury so that appellant could determine what oral statements the appellant made to the officers following the initial stop. After direct questioning of the officer by the prosecutor, appellant cross-examined the officer and developed that in addition to the oral statements elicited by the prosecutor, appellant told the officer he could not perform the "balance test" because "he had been taking some kind of medication," although unnamed. Finally, when appellant

testified in his own behalf, before the jury, he stated he had taken "Dristan or one of those capsules." On rebuttal the state called a pharmacist who testified that the effects of mixing Dristan and any type alcoholic beverage is that "you would wind up with a synergistic effect which basically it's that you have a greater effect from the antihistamine and the alcohol than you will have from either one of the two taken separately, but when you combine them, you get a cumulative effect which increases it."

Following remand, we invited supplemental briefs from both parties addressing the issue of harm from the failure of the information to allege the method of intoxication, and those briefs have been filed. We interpret the following statements in appellant's supplemental brief as his reasons for harm:

(1) "If it had been a proper information and alleged only alcohol then the State would have been prohibited from using this evidence without giving notice in their information that they intended to use the drugs or a combination of the drugs and alcohol."

(2) "The harm in not granting this Motion to Quash and making the State allege what theory they intended to use harmed this Defendant in being able to prepare for a drug or a combination of drugs defense. There are many matters that an attorney would have to prepare for to try that type of case as opposed to strictly alcohol. The State had a purported expert on drugs on rebuttal and left the Defendant without the opportunity to prepare and present expert testimony of their own. Had the information been given to this Defendant in the information then he would have had the opportunity to try the case in a different manner and also have expert testimony which would have aided him certainly in the guilt or innocence stage of this case."

(3) "The Trial Court compounded the error by charging the jury that they could find the Defendant guilty if they found that he was intoxicated by reason of 'the introduction of alcohol, a drug, or a combination of these substances into the body'."

First, appellant's basic premise in his brief that the state first elicited the evidence that appellant stated he had taken some medication is erroneous. It was appellant's counsel who first elicited such testimony in his cross-examination of the officer. So far as this record shows the prosecutor was unaware that appellant had stated at the time of his arrest that he had taken some kind of medication.

Second, we disagree with appellant's conclusions that if the information had only alleged alcohol (as a method of intoxication) "the State would have been prohibited from using this evidence [that appellant stated to the officer that he was on medication] without giving notice in their information that they intended to use the drugs or a combination of the drugs and alcohol." Appellant cites no authority for his bold proposition of law and we know of none.

■ Only such evidentiary facts sufficient to give *notice* need be pleaded in the state's charging instrument. *See Daniels v. State,* 754 S.W.2d 214 (Tex.Crim.App. 1988); *Livingston v. State,* 739 S.W.2d 311 (Tex.Crim.App.1987). The failure to allege the method of intoxication (i.e. whether the accused became intoxicated from ingestion of alcohol or drugs or a combination of drugs and alcohol) does not control the admissibility of *evidence* at trial; rather it renders the pleading subject to dismissal on a motion to quash. *Adams,* 707 S.W.2d at 903. We therefore fail to understand how the deficiency of the information could have harmed appellant for this asserted reason.

■ Third, appellant's contention that the failure of the information to allege the method of intoxication harmed him "in being able to prepare for a drug or a combination of drugs defense" is simply not borne out by the record.

As previously mentioned, the prosecutor stated at the motion to suppress hearing that he had no information that appellant's intoxication was caused by anything other than alcohol consumption. Appellant was

adamant in having a hearing out of the presence of the jury, prior to the beginning of trial, to ascertain what oral statements appellant had made to the officers at the arrest scene. Such hearing was had and, through questioning by the prosecutor, the officer detailed them. The first questions to the officer on cross-examination, and answers thereto, were:

Q. Was that all the statements that he made out there to you?

A. No, sir.

Q. What other statements did he make?

A. As he attempted the balance test and failed, he did comment to us that he had been taking some type of medication.

Q. Did he say what kind?

A. No, sir.

Q. What did he say?

A. That he was unable to lift his leg up and hold it for any period of time whatsoever. He said, "I can't do this. I'm on medication."

This evidence could not have come as a surprise to appellant because, in testifying in his own behalf, he stated he had told the officer he was on medication, "sinus pills." Again, appellant's contention that he was therefore harmed because he was unable to prepare for "a combination of drugs defense" is simply not borne out by the record. We also note that appellant did not seek a continuance or request any delay in order to present any expert testimony.

Finally, it appears that appellant contends his harm from the failure of the information to allege the method of intoxication was compounded by the trial court's definition of intoxication. In his charge to the jury the trial judge defined intoxicated as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a drug, or a combination of those substances into the body." We fail to understand how this definition in the court's charge could have a bearing upon whether the failure of the information to allege the method of intoxication "had an impact on the defendant's ability to prepare a defense." The trial court was authorized to give the statutory definition of intoxi-cation without regard to the sufficiency of the information.

We have searched the entire record and we find beyond a reasonable doubt that the failure of the information to allege the method of intoxication did not have any impact on appellant's ability to prepare a defense. Accordingly, appellant's third, fourth and fifth points of error are overruled.

The judgment is affirmed.

SEARS, Justice, dissenting.

I again dissent.

This appeal comes to us on remand from the Court of Criminal Appeals for an analysis of *"potential* harm from the failure to allege the method of intoxication." (emphasis added). The majority tiptoes around the open and obvious harm, and with footwork that would dazzle Rocky Balboa, hints that the appellant created the problem, is at fault, and therefore is not harmed.

The obvious harm is outlined in appellant's points of error eight and nine. Over objection, the court charged the jury that they could find the accused guilty as charged if they found he was intoxicated by reason of "the introduction of alcohol, a drug, or a combination of those substances into the body." This clearly demonstrates why Texas courts require the State to elect and give the accused notice of which intoxicant they plan to rely on to convict him of DWI charges. It is impossible to determine whether this jury found the appellant guilty of intoxication because of his ingestion of: (1) alcohol; (2) drugs; or, (3) a combination of alcohol and drugs. Since there was no testimony or evidence that appellant was intoxicated on drugs, the harm is obvious.

At the charge conference, after both sides rested, the State asked the court to add to the charge, "drugs, or a combination...." Appellant's attorney objected and the State argued *for the first time* that it intended to tell the jury they could find appellant guilty whether it was alcohol, drugs, or a combination of both that made him intoxicated. The prosecutor told

the court that he intended to argue to the jury that appellant "was intoxicated by a drug." This is contrary to everything the State told the appellant and the court *prior* to trial. The State knew of the medication appellant took because the appellant told the arresting officer. The court at first denied the request, and at the insistent urging of the State the court subsequently added "drugs, or a combination . . ." to the charge.

Appellant's attorney argued that the proposed addition to the charge had no bearing on the guilt or innocence of the appellant, because the medication was Dristan and it was taken at 6 a.m. Appellant was arrested at 9:15 a.m. Expert witnesses testified the Dristan would wear off within three hours after ingestion, and there was no opinion testimony that the appellant was intoxicated by reason of ingestion of drugs or a combination of drugs and alcohol. Appellant claimed his sickness and the Dristan may have made *the sobriety tests* more difficult, but the appellant never contended that if he was intoxicated it was because of drugs, not alcohol. There was no evidence to support the addition of drugs to the charge, and if the motion to quash had been granted, the court could not have charged the jury on drugs or combination.

After the objections to the charge were denied, appellant's attorney then asked the court for a directed verdict of not guilty as to the addition to the charge; i.e., intoxication by reason of ingestion of drugs or a combination of drugs and alcohol. He argued there was no evidence to support a conviction of intoxication by reason of ingestion of drugs. The motion was denied.

In closing argument, the State made a short opening statement and reserved its argument for summation. The appellant had no way of knowing if the State would argue for the jury to convict appellant because of intoxication by reason of (1) alcohol, (2) drugs, or (3) a combination of drugs and alcohol. *The harm is obvious.* If the trial court had properly granted the motion to quash, the State would have been forced to make a choice and select the method of intoxication it planned to prove. Appellant could then prepare a proper defense against a *single* method of intoxication, and he could then *argue* to the jury based on their *single* choice for conviction. *He would not have to guess.* It is impossible to say that there was no harm beyond a reasonable doubt.

Although the remand of this appeal is for a "potential" harm consideration of points of error three through five, the *resulting* harm is clearly shown in points of error eight and nine. When a timely motion to quash is filed, the State *must* allege (1) which definition(s) of "intoxicated" *and*, (2) which type(s) of intoxicant the State will attempt to prove at trial. Failure to do so is a violation of the rights of the accused under Tex.Const. art. 1 § 10. Any language or holdings to the contrary are specifically overruled by the Texas Court of Criminal Appeals. *See State v. Carter*, 810 S.W.2d 197, 200 (Tex.Crim.App.1991).

I would sustain points of error three through five, eight and nine, and I would reverse the judgment of the trial court and remand for a new trial.