The STATE of Texas, Appellant,

v.

Daniel Puga FLORES, Appellee.

No. 13–93–084–CR.

Court of Appeals of Texas,
Corpus Christi.

June 9, 1994.

Wiley L. Cheatham, Dist. Atty., Cuero, for appellant.

Stephen Cihal, Victoria, for appellee.

Before KENNEDY, GILBERTO HINOJOSA, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

The State appeals from the trial court's order granting Daniel Flores' motion to quash an indictment charging him with involuntary manslaughter. By two points of error, the State asserts that the trial court erred in quashing the indictment. We affirm in part and reverse and remand in part.

A grand jury indicted Flores for the offense of involuntary manslaughter. The two paragraphs of the indictment read in pertinent parts as follow:

[Flores] did then and there by accident and mistake when operating a motor vehicle while intoxicated, and by reason of such intoxication cause the death of an individual, Loland Bammert, by then and there driving said motor vehicle into and causing it to collide with a motor vehicle occupied by the said Loland Bammert;

2. ... **DANIEL PUGA FLORES** did then and there recklessly cause the death of an individual, Loland Bammert, to-wit: The said **DANIEL PUGA FLORES** while then and there driving and operating a motor vehicle did then and there drive said motor vehicle into the rear end of a vehicle occupied by Loland Bammert causing the said Loland Bammert to be crushed and killed. . . .

Flores filed a motion to quash the indictment claiming that it failed to provide sufficient notice to prepare an adequate defense. Specifically, Flores contended the indictment failed to allege which of two statutory definitions of intoxication the State would rely on at trial and it failed to allege a specific act of recklessness allegedly committed by appellant. After a hearing, the trial court granted Flores' motion. By two points of error, the State appeals the granting of the motion to quash the indictment.

■ Pursuant to Penal Code § 19.05(a), a person commits involuntary manslaughter by either (1) recklessly causing the death of an individual or (2) by accident or mistake when operating a motor vehicle while intoxicated and, by reason of such intoxication, causes the death of an individual. TEX.PENAL CODE ANN. § 19.05(a) (Vernon 1989). Section 19.05 adopts the definitions of "intoxicated" found in TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(a). *See* TEX.PENAL CODE ANN. § 19.05(b) (Vernon 1989).

By point one, the State asserts that the intoxication language in paragraph one of the indictment adequately provided Flores with notice. Article 6701*l*–1(a)(2) defines "intoxicated" as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, ... or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(a)(2) (Vernon Supp.1994).

■ Generally, when a term is defined in the penal statutes, it is permissible for it not to be further alleged in the indictment since the defendant is presumed to be on notice of statutory definitions. *Thomas v. State,* 621 S.W.2d 158, 161 (Tex.Crim.App. 1981). However, if a definition provides for more than one manner or means to commit an act or omission, then upon timely request, the State must allege the particular manner or means on which it relies. *Ferguson v. State,* 622 S.W.2d 846, 851 (Tex.Crim.App. 1981); *State v. Moreno,* 822 S.W.2d 754, 756 (Tex.App.—Corpus Christi 1992, no pet.). A defendant may not be left to guess or assume that the State is going to prove one or all the types of statutorily defined conduct. *Ferguson,* 622 S.W.2d at 851. The State may specifically allege, in the conjunctive or dis-

junctive, any or all of the statutorily defined types of conduct regarding an offense. *Id.*

In the face of a timely motion to quash, a charging instrument alleging driving while intoxicated must allege which definitions of "intoxicated" the State will rely on at trial and which types of intoxicant the defendant supposedly used. *State v. Carter*, 810 S.W.2d 197, 200 (Tex.Crim.App.1991). *Carter* overruled any prior cases containing language or holdings to the contrary. *Id. See also Sullivan v. State*, 831 S.W.2d 533, 534 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd); *Reynolds v. State*, 822 S.W.2d 341, 345 (Tex.App.—Beaumont 1992, no pet.); *Thompson v. State*, 840 S.W.2d 548, 549 (Tex. App.—Tyler 1992, no pet.).

In *Thompson*, defendant was convicted of involuntary manslaughter. Except for the date and names of the parties, the language in the indictment was identical to the language in the present case. On appeal, defendant, citing *Carter*, argued that the indictment should be dismissed for lack of notice. The appellate court stated that this argument is quite persuasive in view of *Carter* but overruled the point of error because the objections set forth in the motion to quash were not timely filed. *Thompson*, 840 S.W.2d at 549.

The indictment, here, alleged that Flores was "operating a motor vehicle while intoxicated" but failed to allege the method of intoxication as required by *Carter*. Therefore, we overrule point one and hold that paragraph one of the indictment was insufficient to provide notice to the appellee.

By point two, the State asserts that paragraph two sufficiently alleged an act which constitutes recklessness in order to provide Flores with adequate notice. Article 21.15 provides that when

> it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that an ac-

cused, in committing the offense, acted recklessly or with criminal negligence.

Tex.Code Crim.Proc.Ann. art. 21.15 (Vernon 1989). In *Crume v. State*, 658 S.W.2d 607 (Tex.Crim.App.1983), the indictment alleged that the defendant caused his vehicle to collide with the victim by failing to guide his vehicle away from the victim, thereby recklessly causing the victim's death. The *Crume* court held that the allegation was sufficient to inform defendant of the nature of the reckless act of which he was accused. *Id.* at 609.

We hold that paragraph two of the indictment alleged with reasonable certainty the act relied upon to constitute recklessness, that act being "driv[ing] said motor vehicle into the rear end of a vehicle occupied by Loland Bammert causing the said Loland Bammert to be crushed and killed." We sustain point two.

We affirm the trial court's judgment as to paragraph one and reverse the judgment as to paragraph two and remand that part of the case for trial.