**Michael Allen COLLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–88–00029–CR.**

Court of Appeals of Texas,
Tyler.

Nov. 18, 1988.

Jeffery H. White, Canton, for appellant.

Tommy Wallace, Criminal Dist. Atty., Canton, for appellee.

PER CURIAM.

This is an appeal from a misdemeanor conviction for driving while intoxicated. Appellant was convicted by a jury who assessed punishment at ten days' confinement. Imposition of the jail sentence was suspended and appellant was placed on probation for six months with a fine of $100.00. We affirm.

Appellant contends in his first point of error that the trial court erred in overruling his motion to dismiss the information on the ground that it did not allege an offense against him with sufficient specificity to inform him of the nature and cause of the accusations against him.

The information supporting this conviction alleged in pertinent part that appellant "did then and there, while intoxicated, drive and operate a motor vehicle in a public place, to-wit: a public road and highway." Tex.Rev.Civ.Stat.Ann. art. 6701*l* –1(b) (Vernon Supp.1988) provides in pertinent part as follows:

> A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place.

Intoxication is defined by Tex.Rev.Civ.Stat. Ann. art. 6701*l* –1(a)(2)(A) and (B) as follows:

> Intoxicated means:
>
> (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or
>
> (B) having an alcohol concentration of 0.10 or more.

Appellant, by his motion to dismiss, alleged that the information should have been set aside in that it failed to allege whether appellant was intoxicated by reason of not having normal use of mental or physical faculties or by reason of having an alcoholic concentration of 0.10 or more. Appellant urges that in response to his motion to dismiss, the State should have

been required to allege which one of the two definitions of "intoxicated" it intended to rely.

Generally, when a term is defined in the statutes, it need not be further alleged in the indictment. *Thomas v. State*, 621 S.W. 2d 158, 161 (Tex.Cr.App.1981). When an act or omission by a defendant is statutorily defined, and that definition provides more than one way to commit the act or omission, then, upon timely request, the State must allege the *manner and means* it seeks to establish. *Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Cr.App.1981).

■ The conduct, that is, the manner and means that appellant used to commit the offense was that he operated a motor vehicle in a public place while intoxicated. "Intoxicated" does not go to an act or omission of appellant, but merely goes to a statutorily defined term or element in the charging instrument which is essentially evidentiary. It does not describe two alternative ways that appellant may commit the unlawful act of driving while intoxicated. Specifying whether appellant was intoxicated by not having the normal use of his mental or physical faculties or by having an alcohol concentration of 0.10 or more would only inform appellant of the type of evidence the State intended to present at trial. *See Gowin v. State*, 760 S.W.2d 672, (Tex.App.—Tyler 1988); *McGinty v. State*, 740 S.W.2d 475 (Tex.App.— Houston [1st Dist.] 1987, no pet.); *Brown v. State*, 717 S.W.2d 763, 764–765 (Tex.App.—San Antonio 1986, no pet.). We find that the manner by which the State sought to prove that appellant was intoxicated is purely evidentiary in nature, and it was not error for the trial court to overrule appellant's motion to dismiss.

■ Even if it were error for the trial court to refuse to dismiss the information, we find that it was harmless error which did not contribute to appellant's conviction or to the punishment assessed. *See* Tex.R. App.P. 81(b)(2). Since the evidence shows that appellant did not take a breath test to determine the alcohol concentration in his body or any other type of chemical testing, appellant knew that the State had no evidence as to the alcohol concentration in his body. Without scientific evidence of alcohol concentration, it is impossible to prove intoxication pursuant to article 6701*l* –1(a)(2)(B). Since it is undisputed that such evidence did not exist in this cause, it is obvious that the State could only proceed on the alternative definition of "intoxicated" contained in article 6701*l* –1(a)(2)(A). We find that the failure of the information to specify which definition of "intoxicated" the State intended to prove did not hinder appellant's ability to adequately prepare a defense and did not otherwise prejudice any substantial rights of appellant. Tex. Code Crim.Proc.Ann. art. 21.19 (Vernon 1966).

■ Appellant cites *Garcia v. State*, 747 S.W.2d 379 (Tex.Cr.App.1988), which requires that the intoxicant, whether alcohol, drugs, or a controlled substance, be alleged in the information when objected to in a motion to quash. However, appellant did not object to this defect in his motion to dismiss.[1] A complaint of insufficient notice should be raised by a motion to quash. *Clark v. State*, 577 S.W.2d 238 (Tex.Cr. App.1979). In addition, the point on appeal does not comport with the objection made at the time of trial. Appellant's first point of error is overruled.

Appellant's second point of error asserts that the trial court committed error by failing to inform appellant or his attorney of a communication made to the court by the jury and that the trial court erred by answering the communication.

The communication complained of consists of the following note from the jury, "We are dead locked at present with a vote of 4 guilty votes 2 not guilty votes neither side is willing to change his or her vote" and the following note from the court, "Try a while longer try to work it out."

■ Tex.Code Crim.Proc.Ann. art. 36.27 (Vernon 1981) provides as follows:

---

**1.** Although appellant labeled the document a "motion to dismiss," we presume that he intended it to be a "motion to quash."

When the jury wishes to communicate with the court, it shall so notify the sheriff, who shall inform the court thereof. Any communication relative to the cause must be written, prepared by the foreman and shall be submitted to the court through the bailiff. The court shall answer any such communication in writing, and *before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel,* and shall first submit the question and also submit his answer to the same to the defendant or his counsel [for] objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, *but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer the same as he deems proper.* The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant. (Emphasis ours).

Appellant alleges that the trial court failed to comply with article 36.27; however, appellant has not demonstrated that the trial court failed to use reasonable diligence to secure the presence of appellant or his counsel.

■ Appellant also contends that the trial court's response constituted additional instructions to the jury. Where the communication does not amount to additional instructions, noncompliance with the provisions of article 36.27 is not reversible error. *Nacol v. State,* 590 S.W.2d 481 (Tex.Cr. App.1979). We hold that the communication between the trial court and jury did not amount to additional instructions. The reply of the court did not pertain to the law in regard to the offense or the facts of the case. *See also Martin v. State,* 654 S.W.2d 855 (Tex.App.—Dallas 1983, no pet.). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.