**The STATE of Texas, Appellant,**

v.

**Homer CARTER, Appellee.**

No. 1317–89.

Court of Criminal Appeals of Texas, En Banc.

April 10, 1991.

Rehearing Overruled June 12, 1991.

Logene L. Foster, Sugar Land, for appellee.

Sam W. Dick, Dist. Atty., and Glenn A. Lilly and Richard A. Dawson, Asst. Dist. Attys., Richmond, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S AND APPELLEE'S PETITIONS FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellee, Homer Carter, was charged by information with driving while intoxicated. Tex.Rev.Civ.Stat. art. 6701*l*–1(b). He subsequently filed a timely motion to quash the information on the ground it failed to provide adequate notice of the offense charged. After a hearing, the trial court granted appellee's motion and dismissed the information. The State appealed the trial court's ruling under Tex.Crim.Pro. Code art. 44.01(a)(1), and the Fourteenth Court of Appeals reversed, holding that the information was sufficient but only insofar as it "put appellee on notice that the state was proceeding under the alcohol-concentration definition of intoxication in the statute." *State v. Carter*, 780 S.W.2d 811, 813 (Tex.App.—Houston [14th Dist.] 1989). We granted the State's and appellee's petitions for discretionary review, pursuant to Tex. R.App.Pro. 200(c)(3), in order to determine whether the information met, to any degree, the notice requirement of Article 1, § 10, of the Texas Constitution. We will reverse the judgment of the court of appeals.

Article 6701*l*–1(b) provides: "A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." Article 6701*l*–1(a)(2), in turn, defines "intoxicated" as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration [in the blood, breath, or urine] of 0.10 or more.

The information in question alleged in relevant part that on or about March 24, 1988, in Fort Bend County, "Defendant ... did ... unlawfully while intoxicated, drive and operate a motor vehicle in a public place, to wit: a public road and highway." Thus, the information did not specify what definition of "intoxicated" the prosecutor would rely on at trial. Nor did the information specify what type of intoxicant—alcohol, controlled substance, drug, or a combination thereof—the prosecutor would seek to prove had caused appellee's intoxication. Nevertheless, the court of appeals concluded that the information

was sufficient to put appellee on notice that the state was proceeding under the alcohol-concentration definition of intoxication in the statute. There was no other option as the state under *Garcia* [*v. State,* 747 S.W.2d 379 (Tex.Cr.App. 1988),] was required to plead the other definition contained in the statute if it was proceeding on the basis of physical behavior and ingestion of intoxicants as set out in that definition.... The state was limited to the alcohol-concentration definition and the appellee was on complete notice as to the intoxicant and the manner of proof.... Under our interpretation of *Garcia,* the state was committed by its allegations in the information to proceed only on the basis of the 0.10 alcohol-concentration definition.

780 S.W.2d at 813.

In his petition for discretionary review, appellee argues that under the notice guarantee of Tex. Const. art. 1, § 10, a charging instrument alleging an offense under Article 6701*l*–1(b) must specify which statutory definition of "intoxicated" the State will rely on at trial and what type of substance allegedly caused the intoxication.[1] The State argues in its petition, on the other hand, that these matters are matters of evidence that need not be alleged in a charging instrument.

■ Article 1, § 10, of our state constitution provides in relevant part that "[i]n all criminal prosecutions the accused ... shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof." We have held repeatedly that this constitutional provision requires that the charging instrument itself convey adequate notice from which the accused may prepare his defense. See, e.g., *DeVaughn v. State,* 749 S.W.2d 62, 67 (Tex.Cr.App.1988). More specifically, we have held that a defendant is entitled to notice of the *acts or omissions* he is alleged to have committed. See, e.g., *Daniels v. State,* 754 S.W.2d 214, 217 (Tex.Cr. App.1988). Therefore, a motion to quash

must be granted if the language in the charging instrument concerning the defendant's conduct is so vague or indefinite as to deny him effective notice of the *behavior* in which he allegedly engaged. *Id.;* see generally 2 LaFave & Israel, *Criminal Procedure* § 19.2(c)–(d) (1984).

■ Generally speaking, when a term is defined in the penal statutes, it is constitutionally permissible for it not to be further alleged in the charging instrument. *Thomas v. State,* 621 S.W.2d 158, 161 (Tex. Cr.App.1981). This is because a defendant is presumed to be on notice of statutory definitions. However, "even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish." *Ferguson v. State,* 622 S.W.2d 846, 851 (Tex. Cr.App.1981). The reason for the exception is, again, that a defendant is constitutionally entitled to know what behavior he allegedly engaged in so that he can properly prepare a defense to that allegation. *Id.* at 850–851. Under the constitutional guarantee of adequate notice, a defendant may not "be left to guess or assume that the State [is] going to prove one or all the types of [statutorily-defined] conduct." *Id.* at 851. It is important to note, however, that, consistent with these principles, the State may specifically allege, in the conjunctive or disjunctive, *any* or *all* of the statutorily-defined types of conduct regarding an offense. *Id.* Such a charging instrument still puts a defendant on clear notice of what the State will attempt to prove at trial. See *State v. Winskey,* 790 S.W.2d 641 (Tex.Cr.App.1990).

■ We turn now to the application of these principles to prosecutions under Article 6701*l*–1(b) for driving while intoxicated. As we explained last term in *Solis v. State,* 787 S.W.2d 388, 390–391 (Tex.Cr.App.1990), the elements of the offense are that: (1) a person (2) drives or operates (3) a mo-

---

**1.** To be perfectly precise, appellant did *not* cite Tex. Const. art. 1, § 10, in his petition; rather, he cited only *cases* that cited that constitutional

provision. See generally *McCambridge v. State,* 712 S.W.2d 499, 501–502 n. 9 (Tex.Cr.App.1986).

tor vehicle (4) in a public place (5) while intoxicated. In addition, there are four manners in which a defendant's conduct may lead to intoxication: (1) ingestion of alcohol, (2) ingestion of a controlled substance, (3) ingestion of a drug (4) ingestion of some combination of alcohol, controlled substances, and/or drugs. If the manner or means of intoxication is by a controlled substance, drug, or a combination of substances, the State may prove intoxication in only one way—that the defendant did not have "the normal use of mental or physical faculties".... If the State elects to prove that intoxication was due to introduction of alcohol into the body, it may prove intoxication in one of two ways, loss of faculties and alcohol content [in the blood, breath, or urine] of 0.10 or more.

In other words, under Article 6701*l*–1, there are really two types of DWI offenses. First, under Article 6701*l*–1(a)(2)(A), there is a "loss of faculties" offense. This "loss of faculties" offense may be established by proving the defendant drove or operated a motor vehicle in a public place while not having the normal use of his mental faculties, or while not having the normal use of his physical faculties, because of the introduction into his body of (1) alcohol; (2) a controlled substance; (3) a drug; or (4) a combination of two or more of those substances. Second, under Article 6701*l*–1(a)(2)(B), there is a *per se* offense. See *Forte v. State*, 707 S.W.2d 89, 93–95 (Tex.Cr.App.1986); 1 R. Erwin, *Defense of Drunk Driving Cases* § 1.04 (1991). This *per se* offense may be established by proving the defendant drove or operated a motor vehicle in a public place while having an alcohol concentration of 0.10 or more in his blood, breath, or urine.

■ In *Garcia v. State*, 747 S.W.2d 379, 381 (Tex.Cr.App.1988), and *Solis*, 787 S.W.2d at 391, this Court followed the teaching of *Ferguson* and held that in the face of a motion to quash, a charging instrument in *any* DWI prosecution must specify the type(s) of intoxicant (listed in Article 6701*l*–1(a)(2)(A)) allegedly used by the defendant. We now go one step fur-

ther and recognize that, given the fundamentally different natures of the "loss of faculties" DWI offense under Article 6701*l*–1(a)(2)(A) and the *per se* 0.10 alcohol concentration DWI offense under Article 6701*l*–1(a)(2)(B), and the different behaviors necessary to commit the two offenses, a charging instrument must, in the face of a motion to quash, allege specifically which definition(s) of "intoxicated" (the one under Article 6701*l*–1(a)(2)(A) or under Article 6701*l*–1(a)(2)(B)) the State will seek to prove at trial. In summary, then: in the face of a timely motion to quash, a charging instrument alleging driving while intoxicated must allege (1) which definition(s) of "intoxicated" (Article 6701*l*–1(a)(2)(A) and/or (B)) the State will rely on at trial and (2) which type(s) of intoxicant (those listed in Article 6701*l*–1(a)(2)(A)) the defendant supposedly used. Any language or holdings in prior cases to the contrary are overruled.

Returning to the facts of the instant case, we hold that, in the face of a motion to quash, the information was insufficient under Tex. Const. art. 1, § 10, because it failed to allege which definition(s) of intoxicated and which type(s) of intoxicant the State would seek to prove at trial. Appellant is entitled to know these basic allegations so that he may properly prepare his defense.

The judgment of the court of appeals is reversed and the information ordered dismissed.

WHITE, J., dissents.

McCORMICK, Presiding Judge, dissenting.

As a general rule, a charging instrument that tracks the language of a penal statute is legally sufficient to inform the accused of the nature of the charges against him. *Marrs v. State*, 647 S.W.2d 286 (Tex.Cr. App.1983). When the Legislature establishes offenses and further defines the terms and elements of these offenses, "the definitions of the terms and elements are *essentially evidentiary* and need not be alleged in the indictment." *Thomas v.*

*State,* 621 S.W.2d 158, 161 (Tex.Cr.App. 1981) (Opinion on Rehearing). An exception to this rule occurs when an element of the offense proscribes conduct, that is, an act or omission of the accused, that can be committed in multiple ways; this then requires the element or definition to be specifically charged. *Ferguson v. State,* 622 S.W.2d 846 (Tex.Cr.App.1981). But cf. *Swope v. State,* 805 S.W.2d 442 (Tex.Cr. App.1991) (accused indicted as party not entitled to further allegation of manner and means by which he allegedly "solicited, encouraged, directed, aided or attempted to aid primary actor"). I do not believe the definition of "intoxicated" comes within this exception to the rule, and therefore, I dissent.

Before the present DWI statute was created, there were two separate and distinct offenses for driving under the influence: (1) driving under the influence of an intoxicating liquor (Article 6701*l*–1, Vernon's Ann.Civ.St.) and (2) driving under the influence of drugs (Article 6701d, § 50(a), Vernon's Ann.Civ.St.). In 1983 the Legislature repealed these two statutes and created the current DWI statute (Article 6701*l*–1), which simply proscribes the act of "driving while intoxicated." Article 6701*l*–1 does not prohibit the mere act of ingesting alcohol, drugs, controlled substances, or any combination of the three; rather, it outlaws the *act* of driving while being in an intoxicated *condition.* Thus, the statutory definition[1] of intoxicated provides nothing more than the evidentiary means by which the State can prove that an accused is in an intoxicated condition. See *Collins v. State,* 762 S.W.2d 670 (Tex.App.—Tyler 1988, no pet.); *Gowin v. State,* 760 S.W.2d 672 (Tex. App.—Tyler 1988, no pet.); *McGinty v. State,* 740 S.W.2d 475 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd); *Sims v. State,* 735 S.W.2d 913 (Tex.App.—Dallas 1987, pet. ref'd); *Barraza v. State,* 733 S.W.2d 379 (Tex.App.—Corpus Christi 1987, pet. granted); *Brown v. State,* 717 S.W.2d 763 (Tex.App.—San Antonio 1986, no pet.); *Gaudin v. State,* 703 S.W.2d 789 (Tex.App.

—Waco 1985, pet. ref'd); *Perryman v. State,* 687 S.W.2d 371 (Tex.App.—Houston [14th Dist.] 1984, no pet.) (courts of appeals concluding that "intoxicated" is conduct that need not be defined in charging instruments).

Furthermore, I fail to see the distinction the majority attempts to make between charging in the conjunctive or disjunctive and merely charging "driving while intoxicated." After today's majority opinion, the State can (and most likely will) charge an offense under Article 6701*l*–1 as follows:

"Defendant ... did ... unlawfully ... while not having the normal use of mental or physical faculties by reason of the introduction of alcohol and/or a controlled substance and/or drugs and/or a combination of two or more of those substances into the body and/or having an alcohol concentration of .10 or more, as measured by the number of grams of alcohol per 100 milliliters of blood and/or the number of grams of alcohol per 210 liters of breath and/or the number of grams of alcohol per 67 milliliters of urine, drive and operate a motor vehicle in a public place...." See Article 6701*l*–1.

The resulting pleading will give an accused no more notice than a charging instrument alleging "driving while intoxicated." See *Thomas v. State,* 621 S.W.2d at 164 (conjunctive pleading will give no more notice than alleging terms generally). Although the majority opines that such an instrument "puts a defendant on clear notice of what the State will attempt to prove at trial," it does not explain how a defendant charged with the above will not be "left to guess or assume that the State [is] going to prove one or all the types of [statutorily-defined] conduct." The majority creates its own conundrum and further confuses an already confused area of the law. See Dix, *Texas Charging Instrument Law: Recent Developments and the Continuing Need for Reform,* 35 Baylor L.Rev. 689 (1983) (uncertainty in Texas charging law because

---

1. "Intoxicated" was not defined in the statutes prior to the amendment in 1983 and it was not required to be defined in charging instruments.

See *Davis v. State,* 142 Tex.Crim. 602, 155 S.W.2d 801 (1941) and *Sorg v. State,* 688 S.W.2d 133 (Tex.App.—Beaumont 1985, no pet.).

no clear rules have evolved to enable the State to determine when the statutory language will be insufficient and require additional definitions to be pled).

Because I do not believe the Texas Constitution requires a charging instrument to specifically allege the type of intoxicant ingested for a DWI offense, and moreover, because I believe that today's majority opinion will unnecessarily frustrate the endeavor to keep dangerous drunk drivers off the public thoroughfares of our State, I respectfully dissent.