Walter Moore **KILGO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–93–0466–CR.

Court of Appeals of Texas, Dallas.

June 27, 1994.

Discretionary Review Refused Oct. 5, 1994.

E.X. Martin, III, Dallas, for appellant.

Suzanne Kirby Perkins, Dallas, for appellee.

Before LAGARDE, BURNETT and MALONEY, JJ.

## OPINION

MALONEY, Justice.

The jury convicted Walter Moore Kilgo of driving while intoxicated and assessed a 120 day sentence, probated, and a $500 fine. Appellant complains the information impermissibly charges two separate offenses in the same paragraph. We affirm the trial court's judgment.

## BACKGROUND

Appellant moved to quash and set aside the information. He alleged that the information violated the code of criminal procedure's pleading rules by charging two offenses in the same paragraph. The trial court denied his motion.

## APPLICABLE LAW

A single count may contain as many paragraphs charging the same offense as necessary. However, no paragraph may charge more than one offense. TEX.CODE CRIM. PROC.ANN. art. 21.24(b) (Vernon 1989).

■ "[A] person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1994). The statute defines intoxicated as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, ... or a combination of two or more of those substances into the body; or

(B) having an alcohol concentration of 0.10 or more.

TEX.REV.CIV.STAT.ANN. art 6701*l*–1(a)(2)(A) & (B) (Vernon Supp.1994); *Sims v. State* 735 S.W.2d 913, 914 (Tex.App.—Dallas 1987, pet.

ref'd). "[A] charging instrument alleging driving while intoxicated must allege (1) which *definition(s)* of intoxicated (Article 6701*l*–1(a)(2)(A) *and/or* (B)) the State will rely on at trial...." *State v. Carter,* 810 S.W.2d 197, 200 (Tex.Crim.App.1991) (emphasis added). These definitions provide two different means or modes of committing the same offense. *Harris v. State,* 866 S.W.2d 316, 324 (Tex.App.—San Antonio 1993, pet. ref'd) (Onion, J., sitting by assignment). When a statute sets forth various ways to commit an offense and those ways or methods are subject to the same punishment, they may be charged conjunctively in one count. *Sidney v. State,* 560 S.W.2d 679, 681 (Tex. Crim.App.1978).

## APPLICATION OF LAW TO THE FACTS

■ Appellant relies on *Carter* as authority that the information violates the pleading requirements of article 21.24(b). Appellant misplaces his reliance. Carter argued that the Texas Constitution, article one, section ten, required the information provide notice of the statutory definition of intoxicated as well as the type of intoxicant the State intended to prove at trial.[1] Here appellant does not complain of constitutional notice.

This information alleged in one paragraph:

[Appellant] did unlawfully then and there drive and operate a motor vehicle in a public place in Dallas County, Texas, to wit: a street and highway, while intoxicated, in that the defendant did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol, into defendant's body, and defendant had an alcohol concentration of at least 0.10....

We agree with Judge Onion; this information only alleges different means or modes of committing the same offense—driving while intoxicated. *Harris,* 866 S.W.2d at 324. We do not interpret *Carter* to hold otherwise. *Id.*

1. The information in *Carter* alleged:
   Defendant ... did ... unlawfully while intoxicated, drive and operate a motor vehicle in a

   public place, to wit: a public road and highway.

Although 6701*l*–1(b) provides several ways by which the offense can be proven, only one act is prohibited—driving while intoxicated. This information does not violate article 21.-24(b) of the Texas Code of Criminal Procedure.

We affirm the trial court's judgment.