Cuevas v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00582-CR







Alfredo Lee Cuevas, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 417,254, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING







 In a bench trial, Alfredo Lee Cuevas, appellant, was found guilty of the offense of driving
while intoxicated. Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1997). By two points of error,
appellant challenges the conviction contending that, under the Due Process Clauses of the United States
and Texas Constitutions, the trial court erred by failing to suppress the results of the breath test administered
to appellant following his arrest. See U.S. Const. amend. XIV; Tex. Const. art. I, § 19. We will affirm
the trial court's judgment.



BACKGROUND


 On January 1, 1994, a highway patrol trooper pulled over appellant after noticing his
vehicle swerving badly, changing lanes without signaling, and nearly striking another vehicle. When
appellant left his vehicle, the trooper observed that appellant's breath smelled of alcohol, his speech was
slurred, and his eyes were glassy and bloodshot. Appellant told the trooper he was coming from a New
Year's Eve party where he had consumed approximately twelve cans of beer. Appellant took and failed
six field sobriety tests. The trooper arrested appellant, advised him of his rights, and transported him to the
Austin Police Department's central booking facility. At the police department, appellant consented to
breath tests. The tests indicated an alcohol concentration of 0.194 and 0.198. (1) At no point did anyone
inform appellant that he had a statutory right to an independent blood test. See Act of May 29, 1993, 73d
Leg., R.S., ch. 886, § 10, 1993 Tex. Gen. Laws 3515, 3527 (Tex. Rev. Civ. Stat. Ann. art. 6701l-5 §
3(d), since codified at Tex. Transp. Code Ann. § 724.019).

 Appellant was charged by information with the offense of driving while intoxicated. After
a bench trial, the court found appellant guilty. Appellant brings this appeal claiming that the trial court erred
by admitting the breath test results in evidence. He contends the police had a duty, under both the federal
and state constitutions, to inform him of his statutory right to an independent blood test. Because the police
neglected this alleged duty, appellant argues that the trial court should have suppressed the breath test
results and that its failure to do so constitutes reversible error.



DISCUSSION


 Assuming without deciding that the police had a duty to inform appellant of his statutory
right to an independent blood test, we conclude that any error was harmless.

 For the purposes of driving while intoxicated, the term "intoxicated" is defined as:



(A) not having the normal use of mental or physical faculties by reason of the introduction
of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more
of those substances, or any other substance into the body; or


(B) having an alcohol concentration of 0.10 or more.



Tex. Penal Code Ann. § 49.01(2)(A) & (B) (West 1994) (emphasis added).

 Because the State can prove intoxication under either definition, the Texas Court of
Criminal Appeals has held that there are actually two types of DWI offenses. State v. Carter, 810
S.W.2d 197, 200 (Tex. Crim. App. 1991). First, there is a loss of faculties offense, which the State may
establish by proving that a defendant drove while not having the normal use of his mental or physical
faculties because of his use of a specified intoxicant. Id. Second, there is a per se offense, which the State
may establish by proving that a defendant drove while having an alcohol concentration of 0.10 or more. 
Id.

 Further, the State must, upon a proper request, allege in the charging instrument which
definition of intoxicated it intends to prove. Id.; see also Saathoff v. State, 891 S.W.2d 264, 266-67
(Tex. Crim. App. 1994) (reaffirming Carter and extending its holding to involuntary manslaughter cases). 
The State may, however, allege both definitions either conjunctively or disjunctively and still "put a
defendant on clear notice of what the State will attempt to prove at trial." Carter, 810 S.W.2d at 199-200.

 The information in this case put appellant on notice that the State would attempt to prove
that he drove while intoxicated under both the loss of faculties and per se definitions of intoxication. Ruling
from the bench, the trial court found appellant guilty of DWI beyond a reasonable doubt under either
definition.

 Although appellant attacks the admissibility of the breath test results, he has left
unchallenged his conviction under the loss of faculties theory. When a defendant is charged with an offense
under multiple theories, a general verdict of guilty may be upheld so long as there is sufficient evidence to
authorize conviction under any one theory. Aguirre v. State, 732 S.W.2d 320, 326 (Tex. Crim. App.
1987). As noted above, appellant failed all six field sobriety tests given him. These failures are sufficient
evidence of appellant's guilt under the loss of faculties theory. Accordingly, we conclude that any error in
the admission of the breath test results was harmless and overrule appellant's points of error.



CONCLUSION


 Having overruled appellant's points of error, we affirm the trial court's judgment.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: January 9, 1997

Do Not Publish
1.   In the context of a breath test, alcohol concentration means the number of grams of
alcohol per 210 liters of breath. Tex. Penal Code Ann. § 49.01 (1)(A) (West 1994).



llant argues that the trial court should have suppressed the breath test
results and that its failure to do so constitutes reversible error.



DISCUSSION


 Assuming without deciding that the police had a duty to inform appellant of his statutory
right to an independent blood test, we conclude that any error was harmless.

 For the purposes of driving while intoxicated, the term "intoxicated" is defined as:



(A) not having the normal use of mental or physical faculties by reason of the introduction
of alcohol, a controlled substance, a drug, a danger