NUMBER 13-99-615-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________________


LEANDRO BENAVIDES
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

__________________________________________________________________


On appeal from the 347th District Court


of Nueces County, Texas.


__________________________________________________________________


O P I N I O N


Before Chief Justice Seerden and Justices Yañez and

Kennedy (1)

Opinion by Justice Kennedy



 Appellant was indicted and tried for insurance fraud defined by
Section 31.03 of the Penal Code. The jury found appellant guilty and
the court assessed punishment at confinement for two years, probated
for two years.

 A summary of the state's evidence is this: Dora Cano, who had
known appellant since high school, worked as a programmer for Fiesta
Data Systems. She testified that she prepared receipts for appellant for
a computer which he, in fact, had not purchased. Cano and appellant
drove to San Antonio and appellant rented a car. Appellant told Cano
that he needed money and was going to do something about it. Cano
told appellant that she didn't want to know about it as long as it didn't
involve her.

 They left the rental agency together, appellant driving the rented
car and Cano following in her car. At one point they stopped and
appellant got out of his car. Cano heard a noise like breaking glass. 
Appellant got back in the rental car and Cano followed him to a mall
where appellant stopped and proceeded to spread some broken glass
around the rent car. Appellant then called the police to report a car
burglary and the theft of his computer, a briefcase, and a camcorder. 
Cano testified that these items were never in the rent car.

 Appellant returned the rent car and met Cano at the airport. He
was upset that the rental car agency refused payment for the allegedly
stolen items because he had not purchased the proper insurance. Later
he told Cano that he was going to file a claim for the allegedly stolen
items on his homeowner's policy, and he asked Cano to back up his
story. A short time later Cano called the police and the insurance
company and told them what happened.

 Appellant filed a claim with Allstate Insurance Company and
produced receipts to substantiate his claim. The adjuster for Allstate
found the receipts to be questionable. The receipt for the computer was
not printed on a form used by the computer company and was for a
computer that the company did not sell on the date alleged for the
purchase.

 Another witness testified that he had given appellant a quote on
the price of a camcorder. The quote was introduced into evidence by
the state and the man who made the quote testified that the date on the
quote had been changed and that his company did not handle the
camcorder on the altered date. The state's final piece of evidence was
the testimony from an employee of Allstate that three weeks after
appellant filed the claim, the employee got a letter and a phone call from
appellant withdrawing the claim.

 Appellant's brief brings two points of error. The first is that the
trial court erred in failing to quash the indictment for lack of notice of
the conduct alleged. He argues that where an act or omission is
statutorily defined, if that definition provides for more than one manner
or means to commit that act or omission, then, upon timely request, the
state must allege the particular manner or means it seeks to establish.

 Section 35.02 of the penal code, under the title "Insurance Fraud,"
provides (in pertinent part):

 (a) A person commits an offense if, with intent to
defraud or deceive an insurer, the person causes to be
prepared or presents to an insurer in support of a claim for
payment under a health or property and casualty insurance
policy a statement that the person knows contains false or
misleading information concerning a matter that is material
to the claim, and the matter affects a person's right to a
payment or the amount of payment to which a person is
entitled.


Tex. Penal Code Ann. § 35.02(a) (Vernon Supp. 2000).


 Section 35.01, which precedes the above quoted section, is
entitled "Definitions" and defines a statement as "an oral or written
communication or a record or documented representation of fact
evidencing a loss, injury, or expense. The term includes computer-generated information." Tex. Penal Code Ann. § 35.01(5) (Vernon 2000). 
Appellant cites Section 35.01(5) and then suggests several different
possible ways a statement of an insurance loss can be made.

 The indictment alleges:

 Leandro Benavides, defendant, on or about June 30, 1997,
in Nueces County, Texas, did then and there with the intent
to defraud and deceive an insurer, namely, Allstate
Insurance, did present to said insurer in support of a claim
for payment under a property and casualty insurance policy,
the value of said claim being $1,500.00 or more but less
than $20,000.00, a statement that the defendant knew
contained false and misleading information concerning a
matter affecting the rights of the defendant to a payment
and the matter was material to the claim in that whether the
property was damaged or lost in the manner and under the
circumstances described in the statement related to the
claim for insurance payment


 Appellant's reliance on State v. Carter, 810 S.W.2d 197 (Tex. Crim.
App. 1991) is misplaced. Carter was a driving while intoxicated case. 
Article 6701l-1(a)(2) of the penal code, at that time, defined intoxicated
as:

 (A) not having the normal use of mental or physical faculties
by reason of the introduction of alcohol, a controlled
substance, a drug, or a combination of two or more of those
substances into the body; or


 (B) having an alcohol concentration [in the blood, breath, or
urine] of 0.10 or more.


The information in Carter alleged that "Defendant . . . did . . . unlawfully
while intoxicated, drive and operate a motor vehicle in a public place,
to wit: a public road and highway." The court of criminal appeals held
that because the information did not specify which definition of
"intoxicated" the prosecutor would rely on at trial, the information was
insufficient under Article 1, Section 10 of the Texas Constitution. In so
doing, the court used the following language:

 In other words, under Article 6701l-1, there are really two
types of DWI offenses. First, under Article 6701l-1(a)(2)(A),
there is a "loss of faculties" offense. This "loss of faculties"
offense may be established by proving the defendant drove
or operated a motor vehicle in a public place while not
having the normal use of his mental faculties, or while not
having the normal use of his physical faculties, because of
the introduction into his body of (1) alcohol; (2) a controlled
substance; (3) a drug; or (4) a combination of two or more of
these substances. Second, under Article 6701l-1(a)(2)(B),
there is a per se offense. (citations omitted).


Carter, 810 S.W.2d 200.


 The indictment in the case before us alleges that appellant "did
present to said insurer in support of a claim for payment . . . a
statement that the defendant knew contained false and misleading
information . . .". It is true, as appellant alleges, that there are different
ways to present a statement. However, we hold that the method used
to "present the statement" is an evidentiary matter. Article 21.11 of the
Code of Criminal Procedure(2) states:

 An indictment shall be deemed sufficient which charges the
commission of the offense in ordinary and concise language
in such a manner as to enable a person of common
understanding to know what is meant, and with that degree
of certainty that will give the defendant notice of the
particular offense with which he is charged, and enable the
court, on conviction, to pronounce the proper judgment; and
in no case are the words "force and arms" or "contrary to
the form of the statute" necessary.


We consider the requirements of Article 21.11 to have been met in the
indictment before us. Article 21.19 of the Code of Criminal Procedure(3)
provides: "An indictment shall not be held insufficient, nor shall the
trial, judgment or other proceedings thereon be affected, by reason of
any defect of form which does not prejudice the substantial rights of the
defendant."

 This court has held in a case charging obscenity where two
allegedly obscene films were seized that, "the films are so similar (in
that they depict essentially the same conduct) that appellant could not
possibly have defended on a theory applicable to one film but not the
other.(4)" Adams v. State, 669 S.W.2d 339, 342 (Tex. App. ­Corpus
Christi, 1984), affirmed 707 S.W.2d 900 (Tex. Crim. App. 1986). By the
same reasoning, we fail to see how, under the facts of this case,
appellant could have defended a case involving the making of a false
insurance claim on a different theory regardless of which means were
used to communicate the claim. Appellant has suffered no harm even
if we were to hold that the trial court should have granted the motion
to quash. We overrule his first point of error.

 Appellant's second point of error challenges the factual sufficiency
of the evidence to support the conviction. Under this point, appellant
argues that the evidence that Cano was not an accomplice was
factually insufficient and that, when she is viewed as an accomplice,
her testimony was not sufficiently corroborated.

 The charge given the jury contains a proper definition of an
accomplice and a proper instruction concerning the necessity to
corroborate the testimony of an accomplice. Only when there exists no
doubt or when the evidence clearly shows that a witness is an
accomplice witness as a matter of law is the trial judge under a duty to
so instruct the jury. Kutzner v. State, 994 S.W.2d 180, 187 (Tex. Crim.
App. 1999). Mere presence during the commission of a crime does not
make one an accomplice nor is one an accomplice for knowing about a
crime and failing to disclose it, or even concealing it. Medina v. State,
7 S.W.3d 633, 641 (Tex. Crim. App. 1999).

 The accomplice witness rule is a statutorily imposed sufficiency
review and is not derived from federal or state constitutional principles
that define the legal and factual sufficiency standards. Cathey v. State,
992 S.W.2d 460, 462-63 (Tex. Crim. App. 1999). We adopt the
language of the court of criminal appeals in saying "We decline
appellant's invitation to impose legal and factual sufficiency standards
upon a review of accomplice witness testimony under Article 38.14."(5)
Id. at 462.

 The test for sufficient corroboration is to eliminate from
consideration the accomplice testimony, and then examine the other
inculpatory evidence to ascertain whether the remaining evidence tends
to connect the defendant with the offense. McDuff v. State, 939
S.W.2d 607, 612 (Tex. Crim. App. 1997). The non-accomplice evidence
does not have to directly link appellant to the crime, nor does it alone
have to establish his guilt beyond a reasonable doubt; but rather, the
non-accomplice evidence merely has to tend to connect appellant to the
commission of the offense alleged in the indictment. Id. at 613.

 In addition to Cano's testimony, the receipts that appellant used
to support his claim on the computer and the camcorder were either
forgeries or had been altered as to date. Appellant told the rental car
company that he had chased a man wearing a red hood at the time of
the burglary, however, he never mentioned this in his reports to the
police. And finally, appellant's abrupt withdrawal of his claim can be
considered as evidence that he knew his claim was false.

 We hold that Cano was not an accomplice witness as a matter of
law. We further hold that the evidence was sufficient to corroborate her
testimony. We overrule appellant's second point of error and AFFIRM
the judgment of the trial court.


 NOAH KENNEDY,

 Retired Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 31st day of August, 2000.

 

1. Retired Justice Noah Kennedy assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to tex. Gov't
code ann. § 74.003 (Vernon 1998).
2. Tex. Code Crim. Proc. Ann. art. 21.11 (Vernon 1989).
3. Tex. Code Crim. Proc. Ann. art. 21.19 (Vernon 1989).
4. The information failed to identify which film was referred to in
the indictment.
5. Tex. Code Crim. Proc. art. 38.14 (Vernon 1979) states: "A
conviction cannot be had upon the testimony of an accomplice
unless corroborated by other evidence tending to connect the
defendant with the offense committed; and the corroboration is not
sufficient if it merely shows the commission of the offense."