NUMBER 13-00-375-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI


__________________________________________________________________

JUAN ANTONIO MIRELES, Appellant,

v.

THE STATE OF TEXAS, Appellee.

__________________________________________________

On appeal from the County Court at Law No. 3 of Cameron County, Texas.

_________________________________________________________________

O P I N I O N

Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez


A jury convicted appellant, Juan Antonio Mireles, of driving while intoxicated. Tex. Pen. Code Ann.
§49.04(a) (Vernon Supp. 2001). Punishment was assessed by the trial court at 180 days confinement and a
$300.00 fine. Imposition of sentence was suspended and appellant was placed on community supervision for
one year. We affirm. 

Background

On October 27, 1999, Sergeant Javier Pineda of the Cameron County Sheriff's Office was assisting U.S.
Customs officials at the Gateway International Bridge. Appellant, while driving into the United States
from Mexico, failed to stop at the border checkpoint and had to be waved down by U.S. Customs agents. 
Appellant, after jerking his vehicle to a stop, was pulled over into a secondary inspection station. 

Officer Pineda testified that appellant displayed glassy, bloodshot eyes, slurred speech, and unsteady
balance during their conversation. He further testified that he could smell alcohol on appellant breath. 
Officer Pineda conducted three standardized field sobriety tests; (1) however, appellant failed all three
tests. Officer Pineda then administered an intoxilyzer breath test, which registered appellant's blood
alcohol level at 0.21; the legal limit is 0.08. (2) Appellant testified that he consumed four beers and two
tequila "shots" that night. 

Appellant's sole point of error is that the trial court erred by not granting appellant's requested jury
instruction and jury verdict form. Appellant argues that the trial court should have submitted a jury
instruction requiring jury members to unanimously agree on each of the methods available to the state
for providing intoxication under the statute.

Standard of Review

The function of the jury charge is to instruct the jury on the law applicable to the case. Dinkins v. State,
894 S.W.2d 330, 338 (Tex. Crim. App. 1995); Escobar v. State, 28 S.W.3d 767, 778 (Tex. App--Corpus Christi 2000,
pet. ref'd). When reviewing charge error, we determine: (1) whether error actually exists in the charge;
and (2) whether any resulting harm requires reversal. Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App.
1998); Escobar, 28 S.W.3d at 778. When we review a charge for alleged error, we must examine the charge as
a whole, considering the workable relationship between the abstract parts of the charge and those parts
that apply the abstract law to the facts of the case. Plata v. State, 926 S.W.2d 300, 302 (Tex. Crim. App. 1996),
overruled on other grounds, Malik v. State, 953 S.W.2d 234, 235 (Tex. Crim. App. 1997); Escobar, 28 S.W.3d at
778. The abstract or definitional paragraphs serve to explain to the jury the meaning of concepts and
terms used in the application paragraphs of the charge. Plata, 926 S.W.2d at 302; Escobar, 28 S.W.3d at 778.
Thus, a charge is adequate if it contains an application paragraph that authorizes a conviction under
conditions specified by other paragraphs of the charge to which the application paragraph necessarily and
unambiguously refers, or contains some logically consistent combination of such paragraphs. Plata, 926
S.W.2d at 302; Escobar, 28 S.W.3d at 778. The meaning of a jury charge must be taken from the whole charge. 
Plata, 926 S.W.2d at 302; Escobar, 28 S.W.3d at 778.

Discussion

In addressing appellant's sole point of error, we must first determine whether any error exists. Escobar, 28
S.W.3d at 778. Section 49.04(a) of the Texas Penal Code states that "[a] person commits an offense if the
person is intoxicated while operating a motor vehicle in a public place." Tex. Pen. Code Ann. §49.04(a)
(Vernon Supp. 2001). Intoxication is defined in section 49.01(a)(2) as: "(A) not having the normal use of
mental or physical faculties by reason of the introduction of alcohol ...; or (B) having an alcohol
concentration of 0.08 or more." Tex. Pen. Code Ann. §49.01(a)(2)(A),(B) (Vernon Supp. 2001). Appellant
asserts that the State charged appellant in the conjunctive for three separate and distinct offenses: (1)
the loss of normal mental faculties, (2) the loss of normal physical faculties, and (3) having an alcohol
concentration above 0.08. Therefore, appellant argues that the jury should have been instructed to
unanimously agree on each offense. However, contrary to appellant's assertion, the record shows that
the information, which was the charging instrument, was in the disjunctive and that the jury charge was
also in the disjunctive. Appellant further complains that because the State was not compelled to elect
the offense on which it was going to proceed on at trial, appellant was deprived of his right to be informed
of the precise nature of the charge against him. Therefore, he asserts that a jury instruction requiring the
jury to unanimously agree upon a single method of proving intoxication should have been submitted.

In the case before this Court, appellant was not charged with more than one offense. The definition of
"intoxicated" in the DWI statute sets forth alternate means of committing a single offense and not
separate and distinct offenses. Tex. Pen. Code Ann. § 49.01(a)(2)(A), (B) (Vernon Supp. 2001); Ex parte Crehnshaw, 25
S.W.3d 761, 766 (Tex. App.--Houston [1st Dist.] 2000); Kilgo v. State, 880 S.W.2d 828, 829 (Tex. App.--Dallas 1994, pet
ref'd); Harris v. State, 866 S.W.2d 316, 324 (Tex. App.--San Antonio 1993, pet ref'd). Therefore, the State did not charge
appellant with more than one offense in the information. 

Further, it is permissible to alternatively plead differing methods of committing one offense in one indictment or
information. Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); Marquez v. State, 775 S.W.2d 217, 239
(Tex. Crim. App. 1987). The State may allege both definitions of intoxication in the disjunctive. State v. Winskey, 790
S.W.2d 641, 641 (Tex. Crim. App. 1990). When an information which tracks a statute is worded in the disjunctive, as in
the case now before this Court, it is also appropriate for a jury charge which tracks the statute to be stated in the disjunctive. 
Martinez v. State, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996). 

In the case now before us, the jury was charged appropriately when the charge was submitted in the disjunctive. 
Additionally, where alternate theories of committing the an offense are submitted to the jury in the disjunctive, it is
appropriate for the jury to return a general verdict if the evidence is sufficient to support a finding under any of the theories
submitted. Kitchens, 823 S.W.2d at 258; Aguirre v. State, 732 S.W.2d 320, 326 (Tex. Crim. App. 1987). This accords
with the Supreme Court's pronouncement that "there is no general requirement that the jury reach agreement on the
preliminary factual issues which underlie the verdict." Schad v. Arizona, 501 U.S. 624, 632 (1991) (plurality opinion)
(quoted in Kitchens, 823 S.W.2d at 258); McKoy v. North Carolina, 494 U.S. 433, 449 (1990). Thus, it has long been the
general rule that when a single offense can be committed by various means, jurors need not agree on the mode of
commission. Francis v. State, 36 S.W.3d 121, 124 (Tex. Crim. App. 2000). "This rule is not only constitutional, it is
probably indispensable in a system that requires a unanimous jury verdict to convict." Id. 

 Under these circumstances, we cannot conclude the failure to submit a jury instruction requiring unanimous agreement on
each alternative prosecution theory was error. Appellant's sole point of error is overruled. The judgment of the trial court
is AFFIRMED. 

LINDA REYNA YAÑEZ

Justice


Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

16th day of August, 2001.
1. The three standardized field sobriety tests are: (1) horizontal gaze nystagmus, (2) walking and turning, and (3) balancing
on one leg. 
2. Tex. Pen. Code Ann. §49.01(a)(2)(A),(B) (Vernon Supp. 2001).