NO. 07-06-0170-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 27, 2008
_____

JUAN DOMINGO RODRIGUEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 17,512-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant Juan Rodriguez was indicted for driving while intoxicated (DWI) under an indictment applying the "loss of normal use" definition of intoxicated.[1] Less than a month before trial the State amended the indictment by adding the per se blood alcohol level definition of intoxicated.[2] Appellant filed written objections which were heard on the day of trial. Before the court announced a ruling, appellant and the State notified the court they

---

[1] Tex. Penal Code Ann. § 49.01(2)(A) (Vernon 2003).

[2] Tex. Penal Code Ann. § 49.01(2)(B) (Vernon 2003).

had reached a plea bargain, which the court accepted. The court certified the case for appeal. Through two issues, appellant contends the amended indictment should first have been presented to the grand jury and the timing of the amendment denied him sufficient time to meet the evidence of per se intoxication. We affirm.

## Background

On October 26, 2005, Appellant was indicted for DWI enhanced to a felony by prior like convictions. According to the indictment, appellant was intoxicated at the time and place in issue because he "did not have the normal use of his mental and physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, and a combination of two or more of those substances, into his body." In a motion to amend the indictment filed March 16, 2006, the State sought leave to add the per se definition of intoxication; that is, having a blood alcohol concentration of 0.08 or more. The motion contained a certificate showing service on appellant's counsel at an unspecified address by mail. The following day, the court signed an order granting the State's proposed amendment. The order recited verbatim the amended indictment. The record contains no indication that a copy of the order was provided appellant's counsel. On April 4, appellant filed objections to the State's motion to amend the indictment. The document's certificate of service reveals it was served on the State by facsimile on March 28. By order signed April 4, the court scheduled a hearing of appellant's objections for April 10. This was also the day scheduled for trial to begin.

At the hearing of April 10, appellant argued that because the Penal Code provides more than one definition of "intoxicated," the amended indictment's addition of the per se standard, without prior consideration by the grand jury, prejudiced his substantial rights. Appellant also urged by written objection that he did not have sufficient preparatory time to meet the evidence of per se intoxication alleged in the amended indictment. Without ruling on appellant's objections, the court recessed the hearing for thirty minutes to consider cases urged by the parties.

When the hearing resumed, the parties immediately announced a plea agreement of six years' confinement probated to four years and a $750 fine. The court made no express ruling on appellant's objections to the amended indictment. However, in its certification of appellant's right of appeal the court specified that appellant's appeal concerned a matter raised by written motion ruled on before trial. The court noted on its docket sheet that on April 10 it denied appellant's motions. This appeal followed.

Issues

Appellant presents two issues for review: (1) "Under Texas law, is the per se definition of intoxication in a felony DWI case an essential element of the crime which must be alleged in the indictment thereby implicating the substantial rights provision of Article 28.10(c) of the Code of Criminal Procedure and Article I § 10 [sic] the Texas Constitution?" (2) "Under Article 28.10(c) of the Code of Criminal Procedure, does the addition of the per se definition of intoxication to a felony DWI indictment prejudice the substantial rights of the accused under the circumstances of the case presented before this court?"

Discussion

Preservation of Error

After reviewing the record, we consider, on our own motion, whether appellant preserved error for review.

In order to preserve a complaint for appellate review, it is generally required that the complaining party either: (1) pursue an objection to an adverse ruling, made expressly or implicitly; or (2) object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Haley v. State,* 173 S.W.3d 510, 516-17 (Tex.Crim.App.2005).

While appellant made written and verbal objections to the State's request to amend the indictment, he obtained no express ruling from the trial court overruling his objections. We therefore consider whether the trial court implicitly overruled appellant's objections. Tex. R. App. P. 33.1(a)(2)(A). "A ruling is implicit if it is unexpressed but capable of being understood from something else." *Well Solutions, Inc., v. Stafford,* 32 S.W.3d 313, 316 (Tex. App.–San Antonio 2000, no pet.) (*citing* Webster's Third New International Dictionary 1135 (1981)). The trial court's actions or other statements in the record must unquestionably indicate a ruling. *Montanez v. State,* 195 S.W.3d 101, 111 (Tex.Crim.App. 2006), *citing Rey v. State*, 897 S.W.2d 333, 336 (Tex.Crim.App. 1995).

The facts of the case at bar do not fit neatly within the general rubric of these authorities. While admonishing appellant at the plea hearing, the court stated "we're going to let you appeal certain contentious points in this case." The court's appellate certification

4

recites its pretrial ruling on matters raised by written motion and the docket sheet states appellant's "motions [were] denied" on April 10, 2006. However, before the court took any action indicating it implicitly overruled appellant's objections, the parties announced a plea agreement that the court accepted. By its terms, appellant might have accepted the State's plea offer, even had the court sustained his objections.[3]

In *Montanez,* at the conclusion of a suppression hearing the trial judge agreed to review a videotape of a traffic stop and allowed the parties time for additional briefing. *Montanez* 195 S.W.3d at 105. The defendant then pled guilty and was sentenced to twenty years in prison. *Montanez v. State,* 143 S.W.3d 344, 345 (Tex.App.–Waco 2004), *rev'd,* 195 S.W.3d 101 (Tex.Crim.App.2006). On appeal, he contested denial of his suppression motion but the record did not contain an order denying the motion. *Montanez,* 195 S.W.3d at 105. A divided court of appeals concluded a docket sheet entry stating that "appeal preserved as to issues presented" and the trial court's certification that the appeal "is in a plea-bargain case, and is on matters that were raised by written motion filed and ruled on before trial" sufficiently established the trial court's implicit ruling on defendant's motion. *Id.* On this issue, the Court of Criminal Appeals agreed. *Id.*

In light of the similarity of the instant facts to those in *Montanez,* we conclude that while the trial court did not expressly rule on appellant's objections, its docket entry, noting

---

[3] Because this was appellant's third driving-while-intoxicated offense, the applicable punishment in the case was two to ten years in prison and a fine of up to $10,000. *See* Tex. Penal Code Ann. §§ 49.04 & 49.09 (Vernon 2003). Following the terms of the plea agreement, the trial court assessed punishment at six years in prison, probated for four years, and a $750 fine.

denial of appellant's motions, its comment at the plea hearing, and its appellate certification sufficiently establish it implicitly overruled appellant's objections.

Appellant's issues do not turn on an evaluation of the credibility and demeanor of a witness. The trial court was in no better position than are we to resolve the presented issues concerning amendment of the indictment. We, therefore, review the issues before us *de novo*. *See State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App. 2004) (reviewing *de novo* order quashing indictment).

For amending an indictment or information, the Code of Criminal Procedure provides:

> (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.
>
> (b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.
>
> (c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 2006). Additionally, all amendments must be made on leave of court and under its direction. Tex. Code Crim. Proc. Ann. art. 28.11.

Article 28.10(c) authorizes only two objections to an amended indictment: (1) when the amendment charges the defendant with an additional or different offense, or (2) when

6

it prejudices the substantial rights of the accused. *See Villalon v. State,* 805 S.W.2d 588 (Tex.App.–Corpus Christi 1991, no pet.).

In his first issue, appellant contends his substantial rights were prejudiced because the amended indictment was not first presented to the grand jury. Determination of what rights are considered "substantial" is made by considering the circumstances of the case. *Flowers v. State,* 815 S.W.2d 724, 729 (Tex.Crim.App.1991).

A person commits the offense of DWI if he is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (Vernon 2003). A person is intoxicated when he loses the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body. Tex. Penal Code Ann. § 49.01(2)(A) (Vernon 2003). Alternatively, a person is intoxicated when he has an alcohol concentration of 0.08 or more. Tex. Penal Code Ann. § 49.01(2)(B) (Vernon 2003).

Appellant cites *Carter v. State,* 810 S.W.2d 197 (Tex.Crim.App. 1991), in support of his conclusion that adding the per se definition of intoxication to the indictment resulted in a substantive change to the indictment. We disagree. In *Carter*, the information alleged the defendant was intoxicated but it did not supply either statutory definition of intoxication. *Id.* at 198; Tex. Penal Code Ann. § 49.01 (Vernon 2003). The Court found in the face of a proper motion to quash the State was obligated to allege the definition or definitions of intoxication on which it intended to proceed. *Carter* 810 S.W.2d at 200. *Carter* may

7

initially have been wrongly read as recognizing two DWI offenses, a "loss of faculties offense" and a "per se offense." *See id.* ("there are really two types of DWI offenses...."). But in *Bagheri v. State,* 119 S.W.3d 755, 762 (Tex.Crim.App. 2003) the Court explained that the Penal Code definitions of intoxication set forth alternate means by which the State may prove intoxication, rather than alternate means of committing the offense. *Id.* at 762; Tex. Penal Code Ann. § 49.01 (Vernon 2003). Finally, in *State v. Barbernell,* No. PD-0867-07, 2008 WL 2596934, 2008 Tex. Crim. App. Lexis 825 (Tex.Crim.App. July 2, 2008), the Court overruled the requirement of *Carter* that adequate notice to the defendant requires the State allege in the charging instrument the definition of "intoxicated" on which it intends to rely at trial. Looking in part to its decision in *Bagheri,* the Court in *Barbernell* concluded:

> the definitions of "intoxicated" are purely evidentiary matters; therefore, they do not need to be alleged in a charging instrument to provide a defendant with sufficient notice.... A charging instrument that pleads the offense of DWI provides adequate notice when it sets out the elements of the offense as provided in Section 49.04.

*Barbernell,* 2008 WL 2596934, *6, 2008 Tex. Crim. App. Lexis 825, *20.

Applying this reasoning to the facts at bar, we find the trial court did not err by allowing amendment of the indictment through the addition of the per se definition of intoxication without prior grand jury review. We overrule appellant's first issue.

In his second issue, appellant claims the timing of the amended indictment left him insufficient preparatory time for meeting the State's evidence of per se intoxication. Under the facts presented, we disagree.

8

The State was authorized to amend the indictment on notice to appellant any time before trial. Tex. Code Crim. Proc. Ann. art. 28.10(a). If warranted, appellant was entitled to object. Tex. Code Crim. Proc. Ann. art. 28.10(c). The State moved for amendment on March 16, 2006. Appellant clearly received a copy of the motion because he served objections on March 28. By order of April 4, the court set a hearing on appellant's objections for April 10, and heard the objections at that time.

When an indictment is amended, the defendant, on request, shall receive not less than ten days to respond. Tex. Code Crim. Proc. Ann. art. 28.10(a). By mandating "not less than ten days," it is clear that a party may request additional response time. Similarly, article 29.03 specifies that a criminal action may be continued on written motion showing sufficient cause.

Here the indictment was timely amended and did not add an additional or different offense. Appellant, therefore, faced the prospect of the State attempting to prove intoxication by two definitions rather than one. If this possibility necessitated additional preparation, appellant had available the mandatory ten day period of article 28.10(a) as well as a continuance under article 29.03. Appellant availed himself of neither means. Instead, he entered a plea agreement, the terms of which might reasonably have warranted his consideration even had the court sustained his objections.

Under these facts, it was not error for the trial court to overrule appellant's objection to the State's motion to amend the indictment based on the sufficiency of preparatory time.

We overrule appellant's second issue.

9

Conclusion

Having found no error by the trial court, we affirm the judgment.


James T. Campbell
Justice


Do not publish.