NUMBER
13-01-341-CR

                             COURT OF APPEALS

                   THIRTEENTH DISTRICT OF TEXAS

                      CORPUS
CHRISTI B EDINBURG

 

ALTON H. CROSBY,                                                             Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

              On
appeal from the County Court at Law Number Two

                                of
Jefferson County, Texas.

 

 

                                         O P I N I O N

 

                       Before
Justices Dorsey, Yañez and Baird[1]

                                   Opinion
by Justice Baird

 








Appellant was charged by information with the
offense of driving while intoxicated.  He
entered a pro se plea of guilty to the charged offense.  The trial judge found appellant guilty and
assessed punishment at seventy-two hours confinement and a fine of $500.  Appellant raises four points of error.  We affirm.

I.  Jeopardy.

The first and second points of error contend
appellant=s
conviction is barred by the Double Jeopardy Clauses of the United States and
Texas Constitutions, respectively.  The
Double Jeopardy Clause of the United States Constitution provides that no
person shall "be subject for the same offense to be twice put in jeopardy
of life or limb."  U.S. Const. amend. V.  This provision is applicable to the states via
the Due Process Clause of the Fourteenth Amendment.  Illinois v. Vitale, 447 U.S. 410, 415
(1980).  The double jeopardy clause
embodies three essential protections against: 
(1) a successive prosecution for the "same offense" after
acquittal; (2) a successive prosecution for the "same offense" after
conviction; and, (3) multiple punishments for the "same
offense."  Id; Ex parte
Rhodes, 974 S.W.2d 735, 738 (Tex. Crim. App. 1998).








These points of error relate to the second
protection; appellant argues that since the information permits a conviction
under two separate theories of prosecution, he has been twice convicted of the
same offense.  We reject this argument
for two reasons.  First, inherent within
the concept of double jeopardy lies the need for two distinct proceedings,
which are "essentially criminal" in nature.  Breed v. Jones, 421 U.S. 519, 527‑28
(1975).  The record before us reflects a
single proceeding.  The judgment from
that proceeding states appellant Apleaded guilty to the charge contained in the
information.@  When the charging instrument permits the
State to obtain only one conviction, a defendant is not placed in jeopardy for
more than one criminal act.  Ex parte
Goodbread, 967 S.W.2d 859, 861 (Tex. Crim. App. 1998).  Because there is only one conviction in the
instant case and because there was no separate and distinct proceeding other
than appellant=s plea to the charged offense, there was no
successive prosecution for the same offense after conviction.








Second, the information alleged, in two separate
paragraphs, that appellant committed the offense of driving while intoxicated
due to loss of mental and physical faculties, and an alcohol concentration of
0.08 or more.  Appellant=s jeopardy argument is premised upon the
information alleging two separate offenses. 
In support of this argument, he relies on State v. Carter, 810
S.W.2d 197 (Tex. Crim. App. 1991). 
However, at least four courts of appeals have held that Carter
does not treat the alternate definitions of "intoxicated" as creating
separate and distinct offenses.  Price
v. State, 59 S.W.3d 297, 300 (Tex. App.BFort Worth 2001, pet. ref=d); Ex parte Crenshaw, 25 S.W.3d 761, 766
(Tex. App.BHouston
[1st Dist.] 2000, pet. ref'd);  Kilgo
v. State, 880 S.W.2d 828, 829 (Tex. App.BDallas 1994, pet. ref'd);  Harris v. State, 866 S.W.2d 316, 324
(Tex. App.BSan
Antonio 1993, pet. ref'd).  We agree with
our sister courts of appeals; the definition of intoxicated in section 49.01 of
the Penal Code sets forth alternate means of committing one offense B it does not set forth separate and distinct
offenses.  Tex. Pen. Code Ann. ' 49.01 (Vernon Supp. 2002).  Because the information did not allege
separate offenses, appellant was convicted only of the single offense of
driving while intoxicated.

For these reasons, we hold the Double Jeopardy
Clauses of the United States and Texas Constitutions were not violated.  Accordingly, the first and second points of
error are overruled. 

II. 
Voluntariness of Plea.

The third and fourth points of error contend
appellant=s
guilty plea was involuntary under the United States Constitution and the Texas
Constitutions, respectively. 
Specifically, appellant argues his waiver of counsel, jury trial and
guilty plea were ineffective because of the Adelusional@ expectation of deferred adjudication.  App. br. pg. 16.  These arguments were raised in appellant=s amended motion for new trial, which was overruled
as a matter of law.  We subsequently
abated this appeal for the trial judge to hold a hearing on that motion.  At the conclusion of that hearing, the trial
judge denied the motion.








Granting or denying a motion for new trial is
within the trial court's discretion. Salazar v. State, 38 S.W.3d 141,
148 (Tex. Crim. App. 2001).  We review
the trial court's decision under an abuse of discretion standard.  Oliver v. State, 32 S.W.3d 300, 305
(Tex. App.BSan
Antonio 2000, pet. ref'd).  An appellate
court may not substitute its judgment for that of the trial court.  Salazar, 38 S.W.3d at 148.  Instead, we must decide whether the trial
court's decision was arbitrary or unreasonable. 
Id.  An abuse of discretion
is found when the trial court's decision was so clearly wrong as to lie outside
that zone within which reasonable persons might disagree.  Oliver, 32 S.W.3d at 305.  As the sole judge of the credibility of the
witnesses, the trial court does not abuse its discretion in overruling a motion
for new trial when conflicting evidence exists. Salazar, 38 S.W.3d at
148.

Appellant testified he was arrested for the charged
offense on January 7, 2001.  He secured his
release by posting a cash bond on that same date.  While on bond he continued to work and became
very ill, which led to a considerable loss of weight.  When he appeared pro se on January 30,
2001, he was extremely fatigued.  He
further stated that he had no legal education or general understanding of the
criminal justice system.  Appellant
stated he was told that if he did not have an attorney he would have to plead
guilty.  Appellant signed a document
entitled ADefendant=s Waiver, Plea of Guilty/Nolo Contendre, Self
Representation.@  This
document included the following reference to deferred adjudication.  

I have been further informed by the Court, and
understand, that if the Court defers adjudicating my guilt and places me on
community supervision, on violation of any imposed condition, I may be arrested
and detained as provided by law.  I will
then be entitled to a hearing limited to the determination by the Court of
whether to proceed with an adjudication of guilt on the original charge.  No appeal may be taken from this
determination.  After adjudication of
guilt, all proceedings, including assessment of punishment, pronouncement of
sentence, granting of community supervision and my right to appeal continue as
if adjudication of guilt had not been deferred. 


 








Appellant testified that at the time of his plea,
he thought he would pay court costs and not be convicted.  However, upon his plea of guilty, appellant
was convicted and sentenced to 72 hours confinement and a fine of $500.00.  Appellant testified he did not understand any
of the ramifications of his plea.  Had he
understood the ramifications, he would not have pled guilty.

On cross-examination, appellant testified to
entering a big room with other individuals. 
Appellant stated he did not remember anyone speaking to the
audience.  However, it was possible
someone did make a presentation but he (appellant) did not notice.  Appellant did not recall being told he could
plead not guilty and that he could retain an attorney.  Appellant admitted reading some papers before
signing them.  He testified he understood
the contents of the papers.  He admitted
waiving his rights to jury trial, and the confrontation and presence of
witness.  Appellant stated he did not
understand the range of punishment or the right to retain counsel.

Debra Falgout testified personally and by
affidavit.  She stated that the procedure
for the past sixteen years in Jefferson County, was to have misdemeanor
defendants gathered in the jury assembly room. 
Once assembled, one of the misdemeanor court judges would inform the
defendants en mass of their rights. 
Falgout=s affidavit stated these admonishments include, inter
alia, the ranges of punishment for class A and B misdemeanor offenses, and
the right to counsel, and:

(4) The judge then tells them that a defendant has
a right to represent himself/herself and plead guilty or no contest, and if
that is the choice they will be sent up to the courtrooms for final
dispositions of those cases; the judge explains that upon such a plea, the
defendant will be waiving the right to an attorney, and the right to a jury
trial, and that the defendant, on his/her plea of guilty or no contest, will be
found guilty and punishment assessed: 
that the defendant will immediately be remanded to the custody of the
Sheriff until the sentence is served.

 








The affidavit concludes: AAt no time, within my knowledge, have defendants= cases ever been disposed of from the >Appearance Docket= described above without the judges having first
spoken to them as described and the procedures follow[ed].@  She further
testified that if any defendant said he/she did not have an attorney, the
defendant was never told he/she had to plead guilty.

We are confronted with a classic example of
conflicting testimony.  The trial judge
resolved this conflict against appellant. 
We are unable to say the resolution of this conflict was arbitrary or
unreasonable.  Id.  Therefore, we hold the trial judge did not
abuse his discretion in denying appellant=s amended motion for new trial.  The third and fourth points of error are
overruled.[2]

The judgment of the trial court is affirmed.

 

 

                                          

CHARLES F. BAIRD

Justice

 

Do
not publish.  Tex. R. App. P. 47.3.

 

Opinion
delivered and filed this 

the
31st day of October, 2002.











[1]
Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court
by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov=t Code Ann. ' 74.003 (Vernon 1998).





[2]  By overruling these points of error, we do
not mean to imply that we approve of the procedures described above.  We are unaware of any other county that
provides en mass admonishments to pro se defendants.  From the testimony of Falgout we know this
procedure has been employed for at least sixteen years.  The record does not explain what gave rise to
the need for these en mass proceedings.    This practice should not be condoned as it
can only lead to confusion which could lead to the loss of valuable
constitutional rights without a knowing, intelligent and voluntary waiver.  The better practice would be to have the
trial judge individually advise pro se defendants of their rights
followed by an inquiry of whether the defendant wished to waive those
rights.  We are also troubled by the
written admonishment containing language regarding deferred adjudication.  Clearly, deferred adjudication community
supervision may not be granted to a defendant who is charged with an offense of
driving, flying, or boating while intoxicated. 
Tex. Code Crim. Proc. Ann.
art. 42.12 '
5(d)(1)(A) (Vernon Supp. 2002).  This
defective admonishment, like the en mass procedure, can only serve to
confuse defendants, and to unnecessarily consume judicial resources, as in the
instant case.  Hopefully, these defects
will be cured in the very near future.